THE STATE *v.* ALEXANDER WILLIS.

Upon a trial for murder, the fact of killing with a deadly weapon being admitted or proved, the burden of showing any matter of mitigation, excuse or justification is thrown upon the prisoner.

It is incumbent upon the prisoner to establish such matter, neither *beyond a reasonable doubt* nor *according to the preponderance of testimony* but, *to the satisfaction of the jury.*

(*State* v. *Ellick,* 2 Win. 56, cited and approved. Language used in *State* v. *Peter Johnson,* 3 Jon. 226, in regard to degree of proof of matters of excuse, &c., modified.)

MURDER, tried before *Buxton, J.,* at Spring Term 1868 of the Superior Court of WAKE.

Upon the trial it was shown by the State, and admitted by the prisoner, that the latter killed the deceased by intentionally stabbing him with a knife, which was exhibited, and admitted to be a deadly weapon.

The Court was asked by the prisoner to charge the jury that the State was required to establish to the satisfaction of the jury, beyond a reasonable doubt, the commission by the prisoner of the particular act for which it asked his conviction. This the Court declined to do, and the prisoner excepted.

Upon this point the Court instructed the jury, that when it is proved or admitted that one killed another intentionally, with a deadly weapon, the burden of showing justification, excuse or mitigation is on him, and all the circumstances of such justification, excuse or mitigation are to be satisfactorily proved by him, unless they appear in the evidence against him; that the fact of killing being proved or admitted, nothing more appearing, the law presumes such killing to have been done in malice, and so to be murder; that the circumstances of justification, excuse or mitigation, are to be satisfactorily proved, not proved as the State is required to prove an essential fact, that is beyond a reasonable doubt, for the doctrine of reasonable doubt is never applied to the condemnation of a

prisoner, but to his acquittal; and that the jury must be satisfied by the testimony offered in the case on either side that the matter in justification, excuse or mitigation is true.

To this the prisoner excepted.

Verdict, Guilty; Rule for a new trial; Rule discharged; Judgment and Appeal.

*Haywood* and *Fowle & Badger*, for the prisoner.

*Attorney General*, for the State.

BATTLE, J. The exception of the prisoner raises fairly and distinctly the question, whether upon the trial of an indictment for murder, the fact of killing with a deadly weapon being admitted or proved, the burden of showing any matter of mitigation, excuse, or justification, is thrown upon the prisoner, or whether it still remains upon the State to prove, beyond a reasonable doubt that the act of killing was done with malice prepense, express or implied. It has, as we think, always been considered as the rule in this State, that from the fact of killing with a deadly weapon, the law will imply malice, and then the *onus* of the proof to remove it, is devolved upon the slayer. It was so held by this Court in the case of the *State* v. *Peter Johnson,* 3 Jon. 266, in which it was said that the rule that the jury must be satisfied beyond a reasonable doubt, of the prisoner's guilt, before they could convict him, applied only to the fact of the homicide, for if the jury found that fact against him, every matter of excuse, mitigation or justification, ought to be shown by him. The burden of proof in such case being shifted from the State to the prisoner, it was incumbent on him to establish the matter of excuse or justification, beyond a reasonable doubt." Again, in the *State* v. *Ellick,* 2 Win., 56, which was ably argued and well considered, the Court say: "The position that the principle, on which the doctrine of reasonable doubt is grounded, is as much applicable to the grade of the homicide, as it is to the fact of the homicide, is not true. The

error consists in not attending to the distinction, that the fact of the homicide must be proved *by the State*, but if found or admitted, the *onus* of showing justification, excuse or mitigation, is upon the prisoner. At page 290, Foster says, whoever would shelter himself under the plea of provo· cation, must prove his case to the satisfaction of the jury; the presumption of law is against him, till the presumption is repelled by contrary evidence." The rule thus laid down by Foster, in his Crown Law, and sanctioned by this Court, will be found to be sustained by all the most approved of the English elementary writers on the criminal law, as well as by many adjudged cases. See 4 Bla. Com. 201, 1 East Pl. Cr. 224, 340, 1 Russ. on Cr. (1st ed.,) 614, 616. Bac. Abr. Tit. Murder C. 2, 2 Stark on Ev. 948, Archb. Cr. Pl. (1st. ed.) 212, 213, 2 Chit. Cr. Law (4 Am. ed.) 727. Ros. Cr. Ev. (2nd ed.) 20, 653. And for adjudged cases, see, among others, *Regina* v. *Kirkham*, 8 C. & P. 116, (34 C. L. Rep. 318,) *Rex* v. *Greenacre*, *ib.* 35 (34 C. L. Rep. 280.)

In America the leading case on the subject is *Common-wealth* v. *York*, which was tried in Massachusetts, and is reported in 9 Metcalf, 93. The case was ably argued at the bar, and the Court being divided in opinion, gave the subject a thorough and exhaustive examination, reviewed all the English authorities ancient and modern, and many cases decided in this country, with the following result as announced by the majority, consisting of every member of the Court except one: "When on trial of an indictment for murder, the killing is proved to have been committed by the defen- dant, and nothing further is shown, the presumption of law is, that it was malicious and an act of murder, and proof of matter of excuse or extenuation lies on the defendant, which may appear either from evidence adduced by the prosecution, or from evidence offered by the defendant. But where there is any evidence tending to show excuse or extenuation, it is for the jury to draw the proper inferences of fact from the whole evidence, and to decide the fact on which the excuse or extenuation depends, according to the preponderance of evi-

dence." The opinion of the Court resulting in this conclusion was delivered by Chief Justice SHAW, but there was a dissenting opinion filed by WILDE, Judge, in which he endeavored to maintain the following propositions:

1. "That when the facts and circumstances accompanying a homicide are given in evidence, the question whether the crime is murder or man-slaughter, is to be decided upon the evidence, and not upon any presumption from the mere act of killing.

" 2. That if there be any such presumption, it is a presumption of fact, and if the evidence leads to a reasonable doubt, whether the presumption is well founded, that doubt will avail in favor of the prisoner.

"3. That the burden of proof in every criminal case is on the Commonwealth to prove all the material allegations of the indictment; and if, on the whole evidence, the jury have a reasonable doubt whether the defendant is guilty of the crime charged, they are bound to acquit him."

The propositions thus enunciated by WILDE, Judge have received the sanction of a few adjudications in some of the States, and have been adopted by both Wharton and Bishop in their elementary works on the Criminal Law; and it is upon these authorities that the counsel for the prisoner in the present case mainly rely.

We prefer to stand *super antiquas vias*, and to adhere to the rules laid down in the *State* v. *Ellick*, above referred to. In that case the erroneous statement which we had inadvertently made in the *State* v. *Peter Johnson*, that it was incumbent on the prisoner to establish the matters of excuse or extenuation beyond a reasonable doubt, is corrected. In it is also corrected what we consider as erroneous in the decision of the Court in *Commonwealth* v. *York*, that the matters of excuse or extenuation which the prisoner is to prove, must be decided according to the preponderance of evidence. It is more correct to say, as we think, that they must be proved to the satisfaction of the jury. It is seen that, in the proof of such matters, we do not recognize any distinction

between the case where the question is whether the homicide is murder or manslaughter, and that where it is whether the killing is murder or excusable or justifiable homicide.

Upon the whole case, we are constrained to say that there is no error in the record, and it must be so certified, as the law directs.

PER CURIAM.                              No error.