## STATE v. GEORGE LUTTERLOH.

(Filed 22 October, 1924.)

**1. Homicide—Automobiles—Evidence—Photographs.**

 Upon a trial under an indictment for murder where there is evidence tending to show that the deceased was killed by the criminal negligence of the defendant driving an automobile at great speed while intoxicated along a public highway, it is competent for the witnesses to illustrate their testimony by the use of photographs properly testified to be of the place and at the time of the occurrence, and accurately taken.

**2. Homicide—Murder—Manslaughter—Instructions—Appeal and Error.**

 While under the provisions of C. S., 4640, the trial judge is required to charge upon evidence on the less degrees of the same crime concerning which the prisoner was being tried, it is not required that he charge upon the principles of an assault with a deadly weapon, where the prisoner is charged with murder, and the killing of the deceased by him has been admitted, and the judge has correctly charged upon the crime of manslaughter, the lowest degree of an unlawful killing of a human being. C. S., 4201.

APPEAL by defendant from *Devin, J.,* at July Term, 1924, of NEW HANOVER.

Criminal prosecution, tried upon an indictment charging the defendant with murder.

From a verdict finding the defendant guilty of manslaughter, and judgment pronounced thereon, he appeals, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Rountree & Carr, W. F. Jones, and Herbert McClammy for defendant.*

STACY, J. The defendant, a respectable colored man of Wilmington, N. C., was charged with the murder of Mrs. Vera Bryant, on 13 April,

1924. He was convicted of manslaughter. The homicide was caused by the defendant's criminal negligence in the operation of an automobile. He appeals, assigning errors in the trial.

There was evidence on behalf of the State tending to show that on Sunday afternoon, 13 April, 1924, Woody Bryant and his wife, Mrs. Vera Bryant, accompanied by several friends, were out riding in a Ford car on the public road leading from Wilmington to Castle Hayne, the latter a village about eight miles north of the first-named city. As they were returning home, they stopped their car on the side of the road, with the left-hand wheels resting on the hard-surfaced portion, and were out, mending a tire, when the defendant, driving a seven-passenger Buick automobile, struck them from the rear, knocking the Ford car, with its brakes on, a distance of 51 feet, hitting the witness, Barnhill, who was in the act of mending the tire, and dragging Mrs. Bryant about 41 feet, inflicting fatal injuries upon her, from which she died that night, after having been carried to the hospital in Wilmington. It was in evidence that the defendant was driving at the rate of about 40 miles an hour, and that he was under the influence of an intoxicant at the time of the injury. There was another colored man in defendant's car, who was undoubtedly drunk, and in the bottom of the automobile two coca-cola bottles were found, with strong odors of whiskey about them.

The defendant, on the other hand, offered evidence tending to show that he was not under the influence of an intoxicant at the time of the accident; that he had only tasted a little whiskey that day, but had not swallowed any of it; that his friend and companion was not drunk, but only sick from the effects of drinking. He further testified that he was not driving over 20 miles an hour; that it was getting dark when the collision occurred; that his automobile lights were burning, but constructed so as to focus just ahead of him; that Mrs. Bryant was standing at the rear of the Ford car, leaning on the left fender, so as to obstruct the defendant's view of the rear light, if actually burning, about which there is a conflict in the testimony; and that the defendant was unable to discover the situation in time to avoid the accident.

Out of this conflicting evidence the jury found the defendant guilty of manslaughter, and so returned its verdict. It was peculiarly a question of fact for the jury.

The defendant complains at the action of the trial court in allowing the State to offer in evidence certain photographs of the scene of the accident. These photographs were designed to show the width and general topography of the road where the collision occurred, and were used by the witnesses in explaining their testimony. There was evidence as to the correctness of the photographs, and with respect to the time and manner of their taking. The evidence was sufficient to render them

competent for the purposes they were offered and used. *S. v. Jones,* 175 N. C., 709, and cases there cited.

Defendant also assigns error in the charge because the court failed, or declined, to instruct the jury that it might return a verdict of assault with a deadly weapon. *S. v. Sudderth,* 184 N. C., 753. It is undoubtedly the well-established rule of practice in this jurisdiction that where one is indicted for a crime, and under the same bill it is permissible to convict him of "a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime" (C. S., 4640), and there is evidence tending to support the milder verdict, the prisoner is entitled to have the different views presented to the jury, under a proper charge, and an error in this respect is not cured by a verdict convicting the prisoner of the crime as charged in the bill of indictment, for in such case it cannot be known whether the jury would have convicted of a less degree or of an attempt, if the different views, arising on the evidence, had been correctly presented by the trial court. *S. v. Allen,* 186 N. C., p. 307. But the facts of the instant record do not call for the application of this rule. All the evidence tends to show that Mrs. Bryant was killed, and there is no denial of the fact. "Where the facts of a case of homicide constitute the crime of manslaughter, the same state of facts will make the case of an assault if no killing ensues." *S. v. Leary,* 88 N. C., 615. Here, a killing did ensue and manslaughter is the lowest grade of an unlawful homicide. C. S., 4201, and cases there cited. Manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation. *S. v. Benson,* 183 N. C., 795.

There was no error in the charge with respect to the degree of negligence necessary to be shown on a criminal indictment for manslaughter. His Honor followed closely the language of this Court in the case of *S. v. Rountree,* 181 N. C., 535, where the matter is fully discussed.

The record is free from reversible error.

No error.