## STATE v. DAVID ROBINSON.

### (Filed 19 December, 1924.)

**1. Criminal Law—Homicide — Indictment — Evidence—Verdict—Appeal and Error.**

Under the provisions of C. S., 4640, when the bill of indictment is sufficient with the supporting evidence upon the trial, the defendant may be convicted of the criminal offense charged or of a lesser degree thereof, he is entitled to a charge from the court on all degrees of the crime thus encompassed by the indictment; and an error in failing to charge upon the lesser degrees of the crime is not cured by a verdict of conviction upon one of a greater degree.

**2. Same—Self-Defense.**

The killing of a human being with a deadly weapon raises the presumption that it was unlawfully done and with malice, casting upon the person charged the burden of showing to the satisfaction of the jury the legal provocation which will eliminate malice, reducing the offense to manslaughter, or which will excuse it altogether on the grounds of self-defense.

**3. Same—Excessive Force.**

In order for an acquittal of a homicide under the plea of self-defense, it must be shown that no more force was used at the time of the killing than was reasonably necessary under the circumstances, and if excessive force or unnecessary violence had then been used, under the circumstances the defendant is guilty of manslaughter, though he may have acted in self-defense at the beginning of the occurrence.

**4. Same—Manslaughter—Questions for Jury—Trials.**

Where there is evidence that the defendant on trial for a homicide shot at the deceased in self-defense, but that he continued to do so unnecessarily, which resulted in the death, and *per contra*, it is for the jury to determine whether he was justified therein under the plea of self-defense; and should they find from the evidence that the killing was done without malice, the offense would not be greater than manslaughter.

APPEAL by defendant, from *Ray, J.*, at July Term, 1924, of HAYWOOD.

Criminal prosecution, tried upon an indictment charging the defendant with murder in the first degree, a capital felony.

Upon the call of the case for trial, the solicitor announced that he would not ask for a verdict of murder in the first degree, but that he would ask for a verdict of murder in the second degree or manslaughter, as the evidence might disclose.

The jury found the defendant guilty of murder in the second degree, and from the judgment pronounced thereon, he appeals.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Morgan & Ward and Alley & Alley for defendant.*

STACY, J.   The defendant, town constable of the village of Hazelwood, in Haywood County, shot and killed Will Fletcher, a colored man employed on a work-train of the Southern Railway Company, while undertaking to arrest the deceased for jumping on and off a moving train in violation of a town ordinance prohibiting such conduct.

It was in evidence that the deceased had habitually violated this ordinance by getting on a passenger train as it would leave the station at Hazelwood, riding some distance and then jumping off near a shanty car in which Fletcher and other employees were housed and which stood on a siding near where they worked.

On Easter Sunday, 1924, the defendant saw the deceased "swinging on the train." He went down to the shanty car, without any warrant for his arrest, and said to Fletcher, "Let's go see the mayor." Fletcher asked: "What for?" Defendant answered: "For catching the train." Fletcher said: "I can't go until the boss man comes back from Asheville." Defendant replied: "You will have to go now." Then Fletcher asked the officer to let him go into the shanty car and get his coat. A few minutes after entering the car, Fletcher came to the door and said: "I can't go now; the boss man ain't here." The defendant replied: "You will go"; and as he started to enter the car, Fletcher fired one time with a revolver, the bullet entering the door-facing just above the officer's head. The defendant shot four times in return, one shot striking Fletcher in the face and proving fatal.

Whether the defendant was justified in undertaking to arrest Fletcher without a warrant should be determined in accordance with the rules laid down in *S. v. Rogers,* 166 N. C., 388, and *S. v. McClure,* 166 N. C., 321. See, also, C. S., 4544 and annotations.

The trial court instructed the jury that there was no evidence of manslaughter in the case, and that they would therefore convict the defendant of murder in the second degree or acquit him, under his plea of self-defense, as they found the facts to be. The jury convicted the defendant of murder in the second degree. We think there was error, to the prejudice of the defendant, in excluding from the jury's consideration the question of manslaughter.

It is a well recognized rule of practice with us that where one is indicted for a crime, and under the same bill it is permissible to convict the defendant of "a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime" (C. S., 4640), and there is evidence tending to support a milder verdict, the prisoner is entitled to have the different views presented to the jury, under a proper charge, and an error in this respect is not cured by a verdict convicting him of the crime as charged in the bill of indictment, for in such case it cannot be known

50—188

whether the jury would have convicted of a less degree if the different views, arising on the evidence, had been correctly presented by the trial court. *S. v. Lutterloh, ante,* 412; *S. v. Merrick,* 171 N. C., 788; *S. v. Allen,* 186 N. C., p. 307; *S. v. Williams,* 185 N. C., 685, and cases there cited.

Murder in the second degree is the unlawful killing of a human being with malice, but without premeditation and deliberation; while manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation. The presence in the one case and the absence in the other of the element of malice is the distinguishing difference between these two grades of an unlawful homicide. *S. v. Benson,* 183 N. C., 795.

Where it is admitted or established by the evidence, as it is here, that the defendant killed the deceased with a deadly weapon, the law raises two presumptions against him: first, that the killing was unlawful; and second, that it was done with malice. This is murder in the second degree. *S. v. Fowler,* 151 N. C., 732. The law then casts upon the defendant the duty of showing, to the satisfaction of the jury (*S. v. Willis,* 63 N. C., 26), the legal provocation which will rob the crime of malice and thus reduce it to manslaughter, or which will excuse it altogether on the grounds of self-defense, or excusable homicide. *S. v. Little,* 178 N. C., 722; *S. v. Worley,* 141 N. C., p. 767. The plea set up by the defendant was that he shot in his own proper self-defense.

One is permitted to kill in self-defense (*S. v. Johnson,* 166 N. C., 392); but, in the exercise of this right of self-defense, more force must not be used than is reasonably necessary under the circumstances, and if excessive force or unnecessary violence be used, the defendant would be guilty of manslaughter. *S. v. Garrett,* 60 N. C., 148.

There is evidence on the record tending to show that while the defendant may have fired at first in self-defense, yet the jury might have found that he continued to fire unnecessarily. There are circumstances in evidence, surrounding the occurrence and from which it may fairly be inferred that the defendant's repeated firing was unnecessary to his own proper self-defense; but, if done without malice, his offense would not be more than manslaughter. *S. v. Quick,* 150 N. C., p. 824. In *S. v. Cox,* 153 N. C., p. 642, it is said "that in order to make good the plea of self-defense, the force used must be exerted in good faith to prevent the threatened injury, and must not be excessive or disproportionate to the force it is intended to repel, but the question of excessive force was to be determined by the jury." See, also, *S. v. Pollard,* 168 N. C., 116.

For the error, as indicated, there must be a new trial; and it is so ordered.

New trial.