STATE v. JIM BRYSON AND ÁNZEL LEOPARD.

(Filed 21 December, 1932.)

**Homicide E a—Instruction in this case relating to self-defense held not to contain prejudicial error.**

Where two persons engage in a fight and one of them quits the combat and leaves the immediate vicinity of the other, but returns about ten minutes later and is assaulted by the other under circumstances which would put a reasonably prudent man in fear of his life or great bodily harm, and he repells the assault with that degree of force which would seem reasonably necessary under the circumstances, resulting in the death of the other, the one repelling the assault and causing the death of the other would be entitled to his discharge under the doctrine of justifiable homicide if the second assault was not provoked by him and he participated in no wrong therein, even though he was at fault in bringing on the first assault, but where the second assault is a continuation of the first, and is provoked by and participated in by the one inflicting the injury causing death, he would not be entitled to his discharge, but the instruction in this case is held not to contain prejudicial error, and the appellant's exception thereto is not sustained.

APPEAL by defendant, Jim Bryson, from *Stack, J.,* at February Term, 1932, of JACKSON.

Criminal prosecution, tried upon indictment charging the defendant, Jim Bryson, with the murder of one Wiley Galloway, and the defendant, Anzel Leopard, with being an accessory before and after the fact to said murder.

Anzel Leopard took dinner with Wiley Galloway and his wife in their apartment in Glenville, Jackson County, on Sunday,. 15 March, 1931. Between 4 and 5 o'clock that afternoon, Jim Bryson and Bob McCall came to the home of the Galloways, bringing with them a quart of liquor. They got into a tussle or fight over the liquor. Galloway ordered them out of his home. In his effort to put Bryson out, Galloway struck him over the head with an iron car tool, causing his face to become bloody. Leopard went with Bryson to the spring, some 75 yards away, to wash his face. As they returned, ten or fifteen minutes later, the appealing defendant picked up a rock, "the size of a man's fist," and threw it at Galloway, striking him on the side of the head just above the ear, from which he died four days later. Leopard drove Bryson away in his truck, thinking Galloway had only been stunned, and anticipating that he would pursue the fight immediately upon his recovery.

Leopard was acquitted. Bryson was convicted of murder in the second degree and sentenced, from which he appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Jones & Ward, Dan K. Moore, and Alley & Alley for defendant.*

STACY, C. J. The case turns on the correctness of the following instruction to the jury:

"If the defendant was not in the wrong in the first trouble and did not provoke it or enter into the fight willingly, and Galloway was assaulting him, or making a threatened assault, I mean in the second trouble, when he came back from the spring, if Galloway was assaulting him or making a threatened assault on him, and the defendant reasonably feared and had reasonable grounds for such fear, and used no more force than reasonably appeared to him at the time to be necessary to protect his life or his body from great bodily harm, then he could use force even to taking the life of his assailant, and in this connection you may consider the conduct of Galloway, in the first fight, as well as the conduct of the defendant, in so far as it may throw light upon their conduct in the second trouble."

The position of the defendant is, that this instruction took from him the right of self-defense, as ten or fifteen minutes elapsed between the first and second encounters. *S. v. Bryson,* 200 N. C., 50, 156 S. E., 143; *S. v. Glenn,* 198 N. C., 79, 150 S. E., 663; *S. v. Crisp,* 170 N. C., 785, 87 S. E., 511; *S. v. Pollard,* 168 N. C., 116, 83 S. E., 167; *S. v. Baldwin,* 155 N. C., 494, 71 S. E., 212.

The defendant says, even if he did give the deceased cause to order him away from his premises, and willingly engage in a fight about it, this would not deny him the right to defend himself against an assault some ten or fifteen minutes later when he came back from the spring. Defendant's testimony was to the effect that the deceased approached him in a threatening manner, with uplifted hand, upon his return from the spring, and that he threw the rock to repel this attack, which he reasonably believed to be felonious.

The State, on the other hand, contends that there was but one fight, and that the throwing of the rock was a continuation of the original difficulty; that the defendant returned from the spring with the rock concealed about his person; that the deceased was not looking at the defendant when he threw the rock; that he did not know who hit him, and that, at all events, the defendant had not "quitted the combat" and signified such fact to the deceased. *S. v. Finch,* 177 N. C., 599. 99 S. E., 409; *S. v. Bost,* 189 N. C., 639, 127 S. E., 689; *S. v. Kennedy,* 169 N. C., 326, 85 S. E., 42; *S. v. Pollard, supra.*

Without regard to the exactitude of the instruction, conceding it may be subject to some slight criticism from the defendant's standpoint, taking the charge as a whole, we are constrained to believe that no prejudicial effect was produced on the minds of the jurors by this instruction.

On the whole, the record would seem to be free from reversible error. The verdict and judgment will be upheld.

No error.