STATE v. DAN BAILEY and PAUL BAILEY.

(Filed 11 October, 1933.)

**1. Homicide G b—**

An intentional killing with a deadly weapon raises presumptions that the killing was unlawful and was done with malice, constituting murder in the second degree.

**2. Homicide G e: E a—Evidence of guilt of second-degree murder held sufficient, defendants' pleas of self-defense being for the jury.**

Evidence that defendants and deceased engaged in a fight about 6:30 o'clock in the evening, the defendants being armed and the deceased unarmed, and that deceased then went to another's house and secured a gun, and that deceased met defendants that night about 9:15 on a path near the scene of the first encounter, and that both defendants and deceased fired shots, one of the defendants firing the shot resulting in deceased's death, *is held* sufficient to be submitted to the jury and to sustain a conviction of second-degree murder, the defendants' plea of self-defense being for the determination of the jury under correct instructions from the court, and *held further,* defendants' exceptions to the admission of evidence of the fight earlier in the evening cannot be sustained, such evidence being helpful to them on their pleas of self-defense.

APPEAL by defendants from *Daniels, J.,* at July Term, 1933, of LEE.

Criminal prosecution tried upon indictment charging the defendants with the murder of one Price Womack.

The defendants are brothers. They had a fight with Price Womack about 6:30 o'clock on the evening of 8 October, 1932, over some liquor. They kicked and cuffed Womack about considerably. Paul had a shotgun, Dan a pistol, and Price was unarmed at the time. Following the difficulty, Womack went to the home of Clint Jones and got a shotgun,

intending to pursue the matter further. He met the defendants again about 9:15 that night on a path near the railroad tracks in the town of Sanford, not far from the scene of the first difficulty. Here they engaged in a duel. Both defendants shot at Womack, but apparently Paul inflicted the death wound. The gun which the deceased had was found by his side with an empty shell in it. Evidently he had shot also.

It is the contention of the defendants that they were waylaid by Womack and that they shot him in their own proper self-defense.

Verdict: Guilty of murder in the second degree as to both defendants.

Judgment: Imprisonment in the State's prison as to each defendant for a term of not less than fifteen nor more than twenty years.

The defendants appeal, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*K. R. Hoyle for defendants.*

STACY, C. J. Proof or admission of an intentional killing with a deadly weapon raises two presumptions against the killer: first, that the killing was unlawful; and, second, that it was done with malice. This is murder in the second degree. *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617.

Upon these presumptions the jury was justified in rendering the verdict it did in the instant case. The defendants can only regret that their pleas of self-defense were not proved to the satisfaction of the twelve. *S. v. Willis,* 63 N. C., 26.

The principles applicable to an unintentional killing, or homicide by misadventure, discussed in *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387, do not arise on the present record.

The exceptions discussed on brief present no new question of law or one not heretofore settled by a number of decisions. In no view of the case could the demurrers to the evidence have been sustained; and the testimony relative to the fight earlier in the evening was helpful to the defendants on their pleas of self-defense. Indeed, so far as the deceased was concerned, the fight did not end until he was killed. With him, the fatal encounter was but a continuation of the original altercation. *S. v. Bryson,* 203 N. C., 728, 166 S. E., 897.

The charge taken as a whole is free from reversible error. The verdict and judgment will be upheld.

No error.