STATE v. ED LEE.

(Filed 2 May, 1934.)

**Assault B b—Evidence held sufficient to support verdict of simple assault and refusal to submit question in prosecution for graver offense held error.**

The evidence tended to show a simple assault by defendant on prosecuting witness and a later encounter between the parties in which defendant was armed with a deadly weapon. Defendant testified that in the second encounter he only defended himself when the prosecuting witness approached him in a threatening manner armed with an open knife. *Held*, the jury might have found from the evidence that defendant was without fault in the second encounter and convicted him of simple assault in the first, and it was error for the court to charge the jury that they could convict defendant of assault with intent to kill, or assault with a deadly weapon or not guilty, and refuse to charge the jury that they might convict defendant of simple assault. C. S., 4640, and upon appeal from a conviction of assault with a deadly weapon a new trial is awarded.

APPEAL by defendant from *Harris, J.,* at December Term, 1933, of WAKE.

Criminal prosecution tried upon indictment charging the defendant with an assault upon Sam Wall in a secret manner, with a deadly weapon, with intent to kill, in violation of C. S., 4213.

On the evening of 25 November, 1933, the defendant and one Emmit Hodge were fussing with each other in front of Woodard's store on the Pool Road about eight miles from Raleigh, when Sam Wall came up and remonstrated with the defendant, in consequence of which the defendant struck Wall with his fist and knocked him against an automobile.

The defendant then went to his home, got his gun, and in two or three hours returned to Woodard's store. The gun was not loaded. The defendant contends that he took it, at the suggestion of his wife, only for the appearance of protection. He had failed to get some groceries for which he was returning. The State's evidence is to the effect that the defendant called Wall from Woodard's store and struck him over the head with the barrel of his gun, inflicting serious injury. The defendant

testified that Wall was approaching him with an open knife and that he struck him with the gun barrel only in self-defense.

The court directed a nonsuit on the charge of secret assault (*S. v. Oxendine,* 187 N. C., 658, 122 S. E., 568), and instructed the jury as follows: "Now you can find the defendant guilty of assault with intent to kill, or assault with a deadly weapon, or not guilty. You may bring in any one of these three verdicts as you find the same to be from the evidence." Exception.

Verdict: "Guilty of assault with deadly weapon and asks mercy of the court."

Judgment: Twelve months on the roads. ...

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*
*Albert Doub for defendant.*

STACY, C. J. The evidence discloses, first, a simple assault when neither the defendant nor the prosecuting witness was armed with a deadly weapon, then, later, an assault with a gun. The defendant contended that all he did in the second encounter was to defend himself.

In this state of the record, the court should have submitted for the jury's consideration the question of simple assault. *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501. The rule is, that when it is permissible under the bill, as here, to convict the defendant of "a less degree of the same crime" (C. S., 4640), and there is evidence tending to support a milder verdict, the case presents a situation where the defendant is entitled to have the different views presented to the jury, under a proper charge, and an error in this respect is not cured by a verdict convicting the defendant of a higher offense charged in the bill of indictment, for in such event it cannot be known whether the jury would have convicted of a less degree of the same crime if the different views, arising on the evidence, had been correctly presented in the court's charge. *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187; *S. v. Lutterloh,* 188 N. C., 412, 124 S. E., 752; *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617; *S. v. Williams,* 185 N. C., 685, 116 S. E., 736.

While the first affray, in which no deadly weapons were used, may have been the cause of the second and more serious one (*S. v. Bailey,* 205 N. C., 255, 171 S. E., 81, *S. v. Bryson,* 203 N. C., 728, 166 S. E., 897), nevertheless the jury might have found, had the whole case been submitted to it, that the defendant was in the wrong only in the beginning. At least, this is a permissible interpretation of the record.

For the error as indicated, a new trial must be awarded. It is so ordered.

New trial.