## STATE v. GEORGE KEATON.

(Filed 20 June, 1934.)

1. **Criminal Law I l—Duty of court to submit question of guilt of less degree of the crime charged.**

   Where it is permissible under the bill of indictment to convict a defendant of a less degree of the same crime, and there is evidence to support a milder verdict, defendant is entitled to have the different views arising on the evidence presented to the jury under a proper charge, and where there are three degrees of the crime, error in failing to submit the question of guilt of the smallest degree of the crime is not cured by a verdict convicting defendant of the greatest degree of the offense charged. C. S., 4640.

**2. Homicide A a—Elements of and distinction between degrees of homicide.**

Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation; murder in the second degree is the unlawful killing of a human being with malice, the distinguishing difference between this degree of the crime and murder in the first degree being the absence of premeditation and deliberation or of either one of these elements; and manslaughter is the unlawful killing of a human being, the distinguishing difference between this degree of the crime and murder in the second degree being the absence of malice.

**3. Homicide G b—Intentional killing with deadly weapon raises the presumptions that the killing was unlawful and done with malice.**

The intentional killing of a human being with a deadly weapon raises the presumptions that the killing was unlawful and was done with malice, constituting murder in the second degree, and since the elements of premeditation and deliberation are not presumed from such killing, the elements of premeditation and deliberation must be established by the State and found by the jury to constitute such killing murder in the first degree.

**4. Homicide B a—Statutory provisions relating to murder in the first degree.**

It is provided by C. S., 4200, that a murder perpetrated by means of poison, lying in wait, imprisonment, starving, torture, or any other kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or other felony shall be deemed murder in the first degree, punishable by death.

**5. Homicide G b—Burden is on defendant to rebut presumptions arising from intentional killing with deadly weapon.**

Where it is admitted or shown by the evidence that defendant intentionally killed another with a deadly weapon, the burden is upon defendant to rebut the presumptions arising therefrom by establishing to the satisfaction of the jury legal provocation which will rebut the presumption of malice and thus reduce the crime to manslaughter or excuse it altogether on the ground of self-defense, unavoidable accident or misadventure.

**6. Homicide H c—Held: there was no evidence that crime was manslaughter and refusal to submit question of this lesser degree was not error.**

The evidence in this case tended to show that defendant intentionally shot and killed his sweetheart with a pistol, evidently as a result of a lovers' quarrel. Defendant interposed the defense of insanity resulting from syphilis, but introduced no evidence of legal provocation or matters in mitigation of the offense. *Held,* in the absence of evidence tending to rebut the presumptions arising from the intentional killing with a deadly weapon that the killing was unlawful, and done with malice, there was no evidence of defendant's guilt of manslaughter, and it was not error for the court to fail to submit the question of defendant's guilt of manslaughter to the jury.

APPEAL by defendant from *Alley, J.,* at March Term, 1934, of FORSYTH.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Annie Thigpen.

The record discloses that on the afternoon of 19 January, 1933, the defendant shot and killed Annie Thigpen, his sweetheart, as she was walking with two companions on her way home from school, because, he said, "she had made his life miserable." Evidently a lovers' quarrel, which ended tragically. The homicide, which is not denied, was without legal excuse or provocation, and there were no mitigating circumstances. The defense interposed by the defendant was that of mental irresponsibility, or insanity, resulting from syphilis in the third or tertiary stage, which "affects every organ in the body, including the brain," according to one of the physicians. The evidence tending to support the defendant's plea was submitted to the jury and rejected or found to be unsatisfactory.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*Manly, Hendren & Womble and William Graves for defendant.*

STACY, C. J. This is the same case that was before us at the last term, opinion filed 10 January, 1934, and reported in 205 N. C., 607. A new trial was granted on the first appeal for error in the exclusion of evidence. The case has been tried again with the same result as on the first trial, to wit, a capital verdict and sentence of death.

The prisoner now complains that the trial court failed to instruct the jury on the issue of manslaughter and limited them in their deliberations to one of three verdicts, to wit: murder in the first degree, murder in the second degree, and not guilty. *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501.

The rule undoubtedly is, that when it is permissible under the bill, as here, to convict the defendant of "a less degree of the same crime," C. S., 4640, and there is evidence tending to support a milder verdict, the case presents a situation where the defendant is entitled to have the different views presented to the jury under a proper charge, and an error in this respect is not cured by a verdict convicting the defendant of a higher offense charged in the bill of indictment, for in such event, it cannot be known whether the jury would have convicted of a less degree of the same crime if the different views, arising on the evidence,

had been correctly presented in the court's charge. *S. v. Lee, ante,* 472, 174 S. E., 288; *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187; *S. v. Lutterloh,* 188 N. C., 412, 124 S. E., 752; *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617; *S. v. Williams,* 185 N. C., 685, 116 S. E., 736.

But the facts of the instant case do not call for the application of this rule, so far as the issue of manslaughter is concerned, as the record is barren of any evidence of manslaughter. *S. v. Myers,* 202 N. C., 351, 162 S. E., 764; *S. v. Sterling,* 200 N. C., 18, 156 S. E., 96; *S. v. Newsome, supra; S. v. Spivey,* 151 N. C., 676, 65 S. E., 995. The homicide was intentional and it was committed with a deadly weapon under circumstances which suggest no cause, excuse, or justification. This is, at least, murder in the second degree. *S. v. Bailey,* 205 N. C., 255, 171 S. E., 81; *S. v. Robinson, supra.*

There are three degrees of an unlawful homicide: (1) murder in the first degree, which is the unlawful killing of a human being with malice and with premeditation and deliberation; (2) murder in the second degree, which is the unlawful killing of a human being with malice, but without premeditation and deliberation; and (3) manslaughter, which is the unlawful killing of a human being without malice and without premeditation and deliberation. *S. v. Benson,* 183 N. C., 795, 111 S. E., 869.

The presence in the one case of premeditation and deliberation and the absence in the other of one or both of these elements is the distinguishing difference between murder in the first degree and murder in the second degree. *S. v. Miller,* 197 N. C., 445, 149 S. E., 590. The presence in the one case and the absence in the other of the element of malice is the distinguishing difference between murder in the second degree and manslaughter. *S. v. Robinson, supra.*

An unlawful killing is manslaughter. An unlawful killing with malice is murder in the second degree. An unlawful killing with malice and with premeditation and deliberation is murder in the first degree. *S. v. Banks,* 143 N. C., 652, 57 S. E., 174.

Where it is admitted or established by the evidence, as it is here, that the defendant intentionally killed the deceased with a deadly weapon, the law raises two—and only two—presumptions against him: first, that the killing was unlawful; second, that it was done with malice; and an unlawful killing with malice is murder in the second degree. *S. v. Bailey, supra; S. v. Miller, supra; S. v. Walker,* 193 N. C., 489, 137 S. E., 429; *S. v. Fowler,* 151 N. C., 731, 66 S. E., 567. The additional elements of premeditation and deliberation, necessary to constitute the capital offense, are not presumed from a killing with a deadly weapon. These must be established beyond a reasonable doubt, and found by the jury, before a verdict of murder in the first degree

can be rendered against the defendant. *S. v. Thomas,* 118 N. C., 1113, 24 S. E., 431. It is provided by C. S., 4200, that a murder which shall be perpetrated by means of poison, lying in wait, imprisonment, starving, torture, or by any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or other felony, shall be deemed to be murder in the first degree, punishable by death, and all other kinds of murder shall be deemed murder in the second degree, punishable by imprisonment in the State's prison. *S. v. Banks,* 143 N. C., 652, 57 S. E., 174; *S. v. Newsome, supra.*

If a defendant who has intentionally killed another with a deadly weapon would rebut the presumption arising from such showing or admission, he must establish to the satisfaction of the jury (*S. v. Willis,* 63 N. C., 26), the legal provocation which will take from the crime the element of malice and thus reduce it to manslaughter, or which will excuse it altogether on the ground of self-defense, unavoidable accident or misadventure. *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387; *S. v. Eldridge,* 197 N. C., 626, 150 S. E., 125; *S. v. Pasour,* 183 N. C., 793, 111 S. E., 779; *S. v. Brinkley,* 183 N. C., 720, 110 S. E., 783.

In *S. v. Quick,* 150 N. C., 820, 64 S. E., 168, it was said that when an intentional killing is admitted or established, the law presumes malice from the use of a deadly weapon, and the defendant is guilty of murder in the second degree, unless he can satisfy the jury of the truth of facts which justify his act or mitigate it to manslaughter. "The burden is on the defendant to establish such facts to the satisfaction of the jury, unless they arise out of the evidence against him." *S. v. Banks,* 204 N. C., 233, 167 S. E., 851; *S. v. Cox,* 153 N. C., 638, 69 S. E., 419.

In the instant case, there is no evidence of mitigation or provocation sufficient to reduce the offense to manslaughter. *S. v. Robinson, supra.* Hence, it was proper to withhold this issue from the jury's consideration. *S. v. Ferrell,* 205 N. C., 640; *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402.

The remaining exceptions have been carefully considered and found wanting in sufficiency to warrant a new trial. Indeed, with the defendant's plea of insanity rejected by the jury, there is little he could hope to accomplish, even if granted another hearing. The verdict and judgment will be upheld.

No error.