### STATE v. LORANCE BROWN.

(Filed 10 October, 1934.)

**1. Criminal Law L d—**

The record on appeal imports verity and the Supreme Court is bound thereby.

**2. Homicide G b—Charge that defendant had burden of rebutting presumptions from use of deadly weapon held erroneous under the facts.**

Defendant, charged with murder, tendered a plea of second-degree murder, and the State contended for a verdict of murder in the first degree. The court charged the jury that if the State had satisfied them that defendant killed deceased with a deadly weapon, the burden shifted to defendant to rebut the presumptions arising therefrom that the killing was unlawful and was done with malice: *Held*, defendant's assignment of error to the charge must be sustained, since there was no question of acquittal or of manslaughter in the case, and defendant at no time had the burden of proof.

**3. Criminal Law L e—Error in charge held not cured by verdict in this case.**

Error in the charge of the court as to the burden of proof on the lesser degree of the crime charged *is held* not cured by a verdict of guilty of the highest degree of the crime charged, since it cannot be known whether the jury would have rendered the lesser verdict had the two degrees of the crime arising upon the evidence been submitted to them under correct instructions.

APPEAL by defendant from *Finley, J.,* at June Term, 1934, of Mc-Dowell.

Criminal prosecution, tried upon indictment charging the defendant with the murder of one Emma Carroll.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Hugh F. Beam and D. F. Giles for defendant.*

STACY, C. J.  As a result of suspicion and jealousy, or a lovers' quarrel, or because he "loved her too much," the defendant shot and killed Emma Carroll at her father's house in McDowell County on the night of 3 April, 1934. The defendant tendered a plea of second-degree murder. The State contended for a verdict of murder in the first degree. There was no question of manslaughter.

The following excerpt taken from the charge forms the basis of one of the defendant's exceptive assignments of error:

BANK v. HICKS.

"On the question of second degree, the burden shifts to the defendant if the State has satisfied you that the defendant killed with a deadly weapon, then the defendant has to satisfy you that it was done in self-defense or without malice; and if the defendant does satisfy you it was done without malice, the killing with deadly weapon raises two presumptions: one—that it was done with malice, and second, that it was an unlawful killing, and the presumption still stays with the defendant, and if you are satisfied it was without malice, the burden is still on the defendant to satisfy you it was not unlawful, but was done in self-defense, or in some way that keeps it from being an unlawful killing."

We are reasonably certain the charge of the learned judge has been erroneously reported. But it is here in a case duly settled by agreement of counsel. C. S., 643; *McMahan v. R. R.*, 203 N. C., 805, 167 S. E., 225; *Cogdill v. Hardwood Co.*, 194 N. C., 745, 140 S. E., 732; *S. v. Humphrey*, 186 N. C., 533, 120 S. E., 85. We are bound by the record; it imports verity. *S. v. Griggs*, 197 N. C., 352, 148 S. E., 547; *Brown v. Sheets*, 197 N. C., 268, 148 S. E., 233; *S. v. Palmore*, 189 N. C., 538, 127 S. E., 599; *S. v. Wheeler*, 185 N. C., 670, 116 S. E., 413.

As we understand the challenged instruction, it would seem to be erroneous. *S. v. Keaton*, 206 N. C., 682; *S. v. Banks*, 204 N. C., 233, 167 S. E., 851. At least, we are not able to say it carried the correct impression to the jury. The defendant at no time had the burden of proof, as there was no question of acquittal or of manslaughter in the case. *S. v. Keaton, supra*.

Nor was the error cured by the verdict. The defendant was entitled to have the two issues arising on the evidence—murder in the first degree and murder in the second degree—submitted to the jury under proper instructions. It cannot be known whether the lesser verdict would have been rendered had the different views, arising on the evidence, been correctly presented in the court's charge. *S. v. Keaton, supra; S. v. Lee*, 206 N. C., 472, 174 S. E., 288.

New trial.