STATE v. STEWART CHAMBERS.

(Filed 7 November, 1940.)

1. **Criminal Law §§ 53d, 81c—When supported by evidence, court must submit to jury question of defendant's guilt of less degrees of the crime charged.**

Where there is evidence tending to support a conviction of less degrees of the crime charged, or a conviction of an attempt to commit the crime charged, or an attempt to commit less degrees of the crime, the defendant is entitled to have the court charge the jury upon the different aspects of

the evidence, and a conviction of the crime as charged does not cure the error, since it cannot be determined on appeal whether the jury might have found defendant guilty of a less degree of the crime had the different views been correctly presented to it. C. S., 4640.

2. **Burglary and Unlawful Breakings § 10—Failure of the court to submit question of defendant's guilt of nonburglarious breaking, presented by evidence, held error.**

The evidence tended to show unlawful entry into a dwelling at nighttime while same was actually occupied, and the actual commission therein of the felony charged in the bill of indictment. The evidence also tended to show that the window of the room in which the felony was committed was open, and that the perpetrator of the crime was first seen in this room, and that after the commission of the crime he escaped by the open window. There was also circumstantial evidence that entry was made by opening a window of another room of the house. There was also sufficient evidence tending to identify defendant as the perpetrator of the crime. *Held:* Although there is no evidence of burglary in the second degree, the evidence tends to show burglary in the first degree, C. S., 4232, or a nonburglarious breaking and entering with intent to commit a felony, C. S., 4235, depending upon whether the perpetrator of the crime entered by the open window or burglariously "broke" into the dwelling, and therefore the trial court should have charged that the defendant might be found guilty of burglary in the first degree, guilty of a nonburglarious breaking and entering of the dwelling house with intent to commit a felony or other infamous crime therein, or not guilty, and its failure to submit the question of defendant's guilt of nonburglarious entry constitutes reversible error. C. S., 4640.

APPEAL by defendant from *Bone, J.,* at August Term, 1940, of LENOIR.

Criminal prosecution tried upon an indictment charging "that Stewart Chambers, late of Lenoir County, on the 28th day of July, in the year of our Lord One Thousand Nine Hundred and Forty, with force and arms, at and in the county aforesaid, feloniously and burglariously did break and enter on or about the hour of ten o'clock in the nighttime of said day, the dwelling house of said J. L. Whaley, there situate, and then and there actually occupied by the said Whaley, his wife and family, with the felonious intent, he, the said Stewart Chambers, to forcibly and violently ravish and carnally know Mrs. J. L. Whaley, a female occupying and sleeping in said dwelling house at the time, without her consent and against her will, and did actually ravish the said Mrs. J. L. Whaley, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The evidence offered in the trial court tended to show that on 28 July, 1940, Mrs. J. L. Whaley was residing with her husband and three children in a four-room house at Field's Siding, on the farm of A. T. Suggs near LaGrange, in Lenoir County, North Carolina; that on the night of said date she and her three children were asleep in the said dwelling house and her husband was at the tobacco barn, a short distance away,

curing tobacco; that the children were asleep in one room and she was in bed in the adjoining room, the door between the two rooms being open; that all of the outside doors were closed, and all the windows were closed except the window in her room; that the first thing which aroused her that night after she had put her children to bed and gone to bed herself was "feet scraping the floor"; that a lighted lamp, turned down low, was in the corner of the room; that when she heard the scraping on the floor, she awoke and as she opened her eyes she "just glimpsed the bulk of a man" as he blew out the lamp; that she then made an outcry; that the man then jumped on the bed and assaulted her and was in the act of ravishing her when he was frightened away by the noise of a passing automobile; that "he headed for the window and jumped out"; that he left through the open window; that Mrs. Whaley then gave an alarm and her husband came; that the sheriff's office was notified, and a deputy sheriff and a policeman went immediately to the Whaley house; that these officers, upon investigation, found shoe tracks on the west end of the house at the kitchen window; that there were three tracks on the floor but one could not tell whether they were barefoot tracks or shoe tracks; that there were shoe tracks at the window where the man went out of the house; that the officers went "right back of this house and got a fellow Best and took his shoes and tried them in the track and they were not his tracks"; that they then did the same thing with D. Ward Moore with same result; that then the officers went to the home of defendant at Falling Creek three or four miles away, and carried him to the Whaley home; and that his tracks corresponded with the tracks found there and Mrs. Whaley identified his voice as that of her assailant. There was other evidence tending to connect the defendant with the crime.

Verdict: Guilty of the felony of burglary in the first degree whereof he stands indicted.

Judgment: Death by asphyxiation.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Louis I. Rubin and Sutton & Greene for defendant, appellant.*

WINBORNE, J. The appellant assigns as error:

1. The charge of the court to the jury that "all of the evidence of the State tends to show that the house was occupied at the time of the alleged crime. Therefore, in this case you can return only one of two verdicts: Guilty of burglary in the first degree, or not guilty."

2. The failure of the court to charge the jury that upon all the evidence one of three verdicts might be rendered by them, to wit: (1) Guilty of burglary in the first degree; (2) guilty of a nonburglarious breaking and entering of the dwelling house of another, with intent to commit a felony or other infamous crime therein; or (3) not guilty—there being evidence from which the jury could infer that the entry of the person so entering might have been through an open window and therefore a nonburglarious entry.

We are of opinion and hold that the assignments are well taken.

The crime of burglary, as defined at the common law, is by statute in this State divided into two degrees, burglary in the first degree and burglary in the second degree. C. S., 4232. The statute specifies that "if the crime be committed in a dwelling house, or in a room used as a sleeping apartment in any building, and any person is in the actual occupation of any part of said dwelling house or sleeping apartment at the time of the commission of such crime, it shall be burglary in the first degree." The punishment for such crime is death.

There is another statute, C. S., 4235, which provides in part that "if any person, with intent to commit a felony or other infamous crime therein, shall break or enter . . . the dwelling house of another otherwise than by a burglarious breaking . . . he shall be guilty of a felony, and shall be imprisoned in the State's Prison or county jail not less than four months nor more than ten years."

In this connection it is a well recognized rule of practice in this State, as is stated in *S. v. Allen,* 186 N. C., 302, 119 S. E., 504, by *Stacy, J.,* that where one is indicted for a crime, and under the same bill it is permissible to convict him of "a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime" (C. S., 4640), and there is evidence tending to support a milder verdict, the prisoner is entitled to have the different views presented to the jury, under a proper charge, and an error in this respect is not cured by a verdict convicting the prisoner of the crime as charged in the bill of indictment, for in such case it cannot be known whether the jury would have convicted of a less degree or of an attempt if the different views, arising under the evidence, had been correctly presented to them by the trial court." To the same effect are the cases of *S. v. Williams,* 185 N. C., 685, 116 S. E., 736; *S. v. Lutter-loh,* 188 N. C., 412, 124 S. E., 752; *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617; *S. v. Kline,* 190 N. C., 177, 129 S. E., 417; *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187; *S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605; *S. v. Spain,* 201 N. C., 571, 160 S. E., 825; *S. v. Lee,* 206 N. C., 472, 174 S. E., 288; *S. v. Keaton,* 206 N. C., 682, 175 S. E., 296; *S. v.*

*Burnette,* 213 N. C., 153, 195 S. E., 356; *S. v. Feyd,* 213 N. C., 617, 197 S. E., 171.

Where the bill of indictment, as here, charges the breaking and entering, with intent to commit a designated felony, and also charges the actual commission of said felony, "the prisoner" as is declared by this Court in *S. v. Allen, supra,* "may be convicted of burglary in the first degree, or of burglary in the second degree, depending on whether or not the dwelling house was actually occupied at the time, or of an attempt to commit either of said offenses, or he may be convicted of a nonburglarious breaking and entering of the dwelling house of another, under C. S., 4235, or of an attempt to commit said offense, though the State may fail to prove the commission of the felony as charged. *S. v. Fleming,* 107 N. C., 905; *S. v. Spear,* 164 N. C., 452. On the other hand, the defendant may be convicted of the designated felony as charged, 'or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime,' though the State may fail to prove burglary." C. S., 4640; *S. v. Ratcliff, supra.*

In the present case all of the evidence tends to show that the dwelling house was actually occupied at the time of the alleged crime. There is no evidence tending to show that the crime might have been committed under circumstances which would make it burglary in the second degree. All the evidence tends to show the actual commission of a felony in the dwelling house of J. L. Whaley as charged. There is no direct evidence as to how the entry was effected. There is evidence of tracks tending to show that the entry into the dwelling house was effected by the raising of and through a window in the kitchen. There is also evidence tending to show that the window in the room in which Mrs. J. L. Whaley was asleep was open. There is also evidence tending to show that when discovered the man was in the room where the window was open. Hence, the evidence in the case, and every inference fairly and reasonably to be drawn therefrom, are not such as to require the jury to find that the entry was effected by the raising of the kitchen window. In fact, it appears of record that the presiding judge considered that the evidence is such that the jury might fairly and reasonably infer that the entry was through the open window.

For, in stating the contentions of the defendant, the court told the jury, among other things, that: "The defendant on the other hand contends that the evidence is not sufficient to satisfy you of his guilt beyond a reasonable doubt. He contends that in the first place the evidence is not sufficient to show beyond a reasonable doubt that whoever went in there broke with the meaning of the definition of burglary. He contends that one window was open, and that you could just as easily believe

that whoever went in went in through that window; or that under this evidence you should have some doubt as to whether all the windows were closed down firmly and that you might easily believe that other windows were raised and open and that the fact that the officer found a stick under the west window with the stick edgewise under it indicated that that window was not closed down." This contention is appropriate in considering whether the defendant be guilty of a nonburglarious breaking and entering of the dwelling house of J. L. Whaley, with intent to commit a felony or other infamous crime therein.

It was, therefore, error to limit the jury to one of two verdicts, burglary in the first degree, or not guilty.

Under the present bill of indictment and the evidence disclosed of record, the jury should be instructed that one of three verdicts may be rendered by it, depending upon how it finds the facts to be: (1) Guilty of burglary in the first degree; (2) guilty of a nonburglarious breaking and entering of the dwelling house of another, with intent to commit a felony or other infamous crime therein; or (3) not guilty.

Though the crime charged be atrocious, the life and liberty of the prisoner are at stake, and he is entitled to have the different views presented to the jury under a proper charge.

For error designated, let there be a

New trial.