STATE v. J. B. EDMUNDSON.

(Filed 18 March, 1936.)

1. **Homicide H b—Evidence held sufficient to be submitted to jury on question of defendant's guilt of second degree murder or manslaughter.**

   The State's evidence tended to show that while defendant's brother and another were engaged in a fight, defendant ran past them and cut the throat of his brother's assailant with a knife, causing his death. Defendant's evidence was to the effect that deceased had the knife in his hand as they were fighting and that defendant's brother got possession of the knife and inflicted the mortal wound. *Held:* The evidence, though conflicting, was sufficient to be submitted to the jury on the question of defendant's guilt of murder in the second degree or manslaughter, there being no evidence that defendant, if he did inflict the mortal wound, did so in defense of himself or the necessary defense of his brother.

2. **Criminal Law L e—**

   Where a new trial must be awarded for error in the instructions to the jury, exceptions to the admission of evidence need not be considered.

3. **Homicide H c—Instruction held erroneous as failing to instruct jury on question of manslaughter.**

   The State's evidence tended to show that while defendant's brother and another were engaged in a fight, defendant ran past them and cut the throat of his brother's assailant with a knife. The evidence disclosed that defendant's brother had previously shot his assailant and that either wound was sufficient to cause death, and that each wound was a contribut-

ing factor in causing death. Defendant contended that he did not cut deceased, but that deceased had the knife in his hand as they were fighting and that defendant's brother got possession of the knife and inflicted the wound. The court instructed the jury that if they should find from the evidence beyond a reasonable doubt that defendant cut the deceased, as contended by the State, and that such wound caused death or was a contributing cause of death, they should return a verdict of guilty of second degree murder. *Held:* The instruction is erroneous for failing to charge the jury upon the facts that if they should fail to find that the act of the defendant was malicious they should return a verdict of guilty of manslaughter, there being evidence from which the jury might find that if defendant cut the deceased as contended by the State, he did so, not from malice, but from sudden passion aroused by the assault which deceased was then making upon his brother.

APPEAL by defendant from *Sinclair, J.,* at November Term, 1935, of WAYNE. New trial.

The defendant J. B. Edmundson was tried at the November Term, 1935, of the Superior Court of Wayne County on an indictment in which he was charged with the murder of Pinkey Smith, on or about 1 April, 1933, in Wayne County, North Carolina.

On his arraignment, the defendant entered a plea of not guilty.

The solicitor announced in open court that the State would not contend at the trial that the defendant is guilty of murder in the first degree, but would contend that defendant is guilty of murder in the second degree or of manslaughter, as the jury shall find the facts to be from all the evidence.

At the trial, the evidence for the State tended to show that on the night of 6 April, 1933, a number of people had assembled at Spring Branch schoolhouse in Wayne County to participate in or witness an entertainment; that among others present were the defendant J. B. Edmundson, at that time about 15 years of age, his older brother, H. Weil Edmundson, and the deceased, Pinkey Smith; that before the entertainment began, while H. Weil Edmundson was engaged in conversation with two or three girls, Pinkey Smith walked up to him and cursed him; that H. Weil Edmundson resented the language used by Pinkey Smith, who thereupon repeated the language; that H. Weil Edmundson then drew a pistol and shot Pinkey Smith, thereby inflicting upon him a wound in his abdomen; that Pinkey Smith then grappled with H. Weil Edmundson, catching him by the arm, which he held up; that the pistol then fired a second time, the shot lodging in the roof of the schoolhouse; H. Weil Edmundson and Pinkey Smith then fell to the floor, with Smith on top of Edmundson; and that in this situation the defendant J. B. Edmundson ran by his brother and Pinkey Smith, as they were struggling on the floor in the schoolhouse, and cut Pinkey

Smith with his knife, thereby inflicting a wound on his neck. The defendant ran out of the schoolhouse and left the premises.

After he had been cut by the defendant, Pinkey Smith arose and went out of the schoolhouse. At his request, he was taken immediately to a hospital in the city of Goldsboro, where he received surgical and medical treatment. The surgeon who attended him testified that in his opinion either the pistol wound in his abdomen or the knife wound in his neck was sufficient to cause death. He said: "I cannot tell from which wound he died. I think that each wound was a contributing factor to the death of the deceased. I think either wound was sufficient to cause his death." Pinkey Smith died two days after he was taken to the hospital on the night of 6 April, 1933.

The evidence for the defendant tended to show that he took no part in the quarrel between his brother, H. Weil Edmundson, and the deceased, Pinkey Smith; that at the time the quarrel began the deceased had a knife in his hand, and that in the tussle between him and H. Weil Edmundson the knife fell from his hand to the floor, and that after they were on the floor, and while they were struggling with each other, H. Weil Edmundson got the knife and cut Pinkey Smith on the neck. The testimony of the defendant that he did not take part in the quarrel between his brother and the deceased, and did not cut the deceased, was corroborated by the testimony of other witnesses. At a former term of the court, H. Weil Edmundson was tried on an indictment in which he was charged with the murder of Pinkey Smith. He was convicted of murder in the second degree, and is now confined in the State's Prison, under a judgment upon such conviction.

The evidence for both the State and the defendant was submitted to the jury. The defendant was convicted of murder in the second degree.

From judgment that he be confined in the State's Prison for a term of not less than ten or more than fifteen years, the defendant appealed to the Supreme Court, assigning numerous errors in the trial.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*

*N. W. Outlaw and Berkeley & Colton for defendant.*

CONNOR, J. The assignment of error on this appeal based on defendant's exceptions to the refusal of the trial court to allow defendant's motion, at the close of all the evidence, that the action be dismissed, on the ground that there was no evidence tending to show that defendant is guilty of either murder in the second degree or of manslaughter, cannot be sustained. The evidence, although conflicting, was properly submitted to the jury.

STATE *v.* EDMUNDSON.

As the defendant is entitled to a new trial for error in an instruction of the court to the jury, it is needless to discuss or to decide questions presented by assignments of error based on defendant's exceptions to the refusal of the trial court to sustain defendant's objections to the admission of evidence offered by the State. Conceding, without deciding, that there were errors in the admission of testimony as evidence for the State, over objections by the defendant, such errors were not prejudicial to the defendant. The evidence admitted by the court had little, if any, probative force on the questions involved in this action.

The court instructed the jury as follows:

"I charge you, gentlemen of the jury, that if you find from all the evidence, beyond a reasonable doubt, that the defendant cut the throat of the deceased, as contended by the State, and that the wound caused his death, or that the wound was one of the contributing causes that brought about the death of the deceased, it would be your duty to return a verdict of guilty of murder in the second degree."

The defendant excepted to this instruction and on his appeal to this Court assigns the same as error. This assignment of error is sustained on the authority of *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617, and of cases cited in the opinion in that case.

There was no evidence at the trial of the instant case tending to show that the defendant, if he did cut the deceased, did so in self-defense, or in the necessary defense of his brother, H. Weil Edmundson. There is evidence, however, from which the jury could find that if the defendant cut the deceased as contended by the State, he did so, not from malice, but from sudden passion aroused by the assault which the deceased was then making upon his brother. In that case, the defendant is guilty of manslaughter and not of murder in the second degree. It was error to instruct the jury that if they should find that the defendant cut the deceased as contended by the State, they should return a verdict of guilty of murder in the second degree. The jury should have been instructed by the court that if they should find beyond a reasonable doubt that the defendant cut the deceased as contended by the State, and that the wound thereby inflicted upon the deceased caused his death, or was one of the contributing causes of his death, but should fail to find that the act of the defendant was malicious, they should return a verdict of guilty of manslaughter.

For this error, the defendant is entitled to a new trial. It is so ordered.

New trial.