STATE v. J. B. EDMUNDSON.

(Filed 4 November, 1936.)

**1. Criminal Law L f—**

Even if evidence that accused left the State after the commission of the crime is erroneously admitted on the ground that it tended to show flight, its admission cannot be held prejudicial when accused testifies at the trial fully explaining the reasons for his leaving the State.

**2. Same—**

  The exclusion of evidence offered for the purpose of impeaching a witness cannot be held prejudicial when other evidence tending to impeach the witness upon the same ground is later admitted without objection.

**3. Criminal Law L a—**

  On appeal in a criminal prosecution, the Supreme Court is limited to matters of law or legal inference.

APPEAL by defendant from *Sinclair, J.,* at May Term, 1936, of WAYNE. No error.

The defendant J. B. Edmundson was tried at May Term, 1936, of the Superior Court of Wayne County on an indictment which was returned by the grand jury at April Term, 1933, of said court, in which he was charged with the murder of Pinkney Smith on or about 1 April, 1933, in Wayne County.

The jury returned a verdict that the defendant is guilty of murder in the second degree.

From judgment that he be confined in the State's Prison for a term of not less than ten or more than fifteen years, the defendant appealed to the Supreme Court, assigning as error the admission of evidence offered by the State, the exclusion of evidence offered by the defendant, and instructions of the court in its charge to the jury.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*N. W. Outlaw and Berkeley & Colton for defendant.*

CONNOR, J. This action was first tried at November Term, 1935, of the Superior Court of Wayne County. The defendant was convicted of murder in the second degree. He appealed from the judgment on said conviction to this Court, assigning errors in the trial. His appeal was heard at Spring Term, 1936. The judgment was reversed, and a new trial ordered for error in the instruction of the court to the jury. See *S. v. Edmundson,* 209 N. C., 716, 184 S. E., 504.

The action was again tried at May Term, 1936, of the Superior Court of Wayne County. The defendant was again convicted of murder in the second degree. He has appealed to this Court from the judgment on his second conviction, contending by his assignments of error that there were errors in the trial which resulted in his conviction. His assignments of error on this appeal have been carefully considered. They cannot be sustained. The evidence at the second trial was substantially the same as at the first trial. This evidence was submitted to the jury

under a charge which is in accord with the opinion of this Court on the former appeal, and is free from error. The judgment must be affirmed.

The defendant contends that there was error in the admission of evidence offered by the State showing that the defendant left his home in Wayne County, with his brother, immediately after the homicide, and went to the State of New York, where he remained until his return to Wayne County during the month of September, 1935. This evidence, even if erroneously admitted as tending to show flight, was not prejudicial to the defendant, who, as a witness in his own behalf, testified that he went to the State of New York to accompany his brother, who had shot and killed the deceased, and remained there because he had secured a good job there.

The defendant further contends that there was error in the exclusion of evidence tending to impeach the testimony of Dr. Rose, a witness for the State. The exclusion of this evidence, even if its exclusion was erroneous, was not prejudicial to the defendant. Other evidence tending to impeach the witness was admitted and submitted to the jury. The evidence excluded tended to show that Dr. Rose, on the trial of the brother of the defendant for the murder of Pinkney Smith, had testified that his death was caused by the pistol shot wound and that the wound on the neck of the deceased, inflicted by a knife, was superficial. Evidence to this effect, to which there was no objection by the State, was admitted by the court and submitted to the jury.

The court in its charge to the jury submitted every contention of the defendant as to the facts which the jury might find from the evidence, and instructed the jury as to the law applicable to such facts. We find no error in these instructions.

The defendant was only fifteen years of age at the time of the homicide. All the evidence at the trial showed that if the defendant cut the deceased with a knife, and thereby inflicted a wound which caused or contributed to the death of the deceased, as found by the jury, he did so while the deceased and his brother were struggling on the floor of the schoolhouse, with the deceased on top of his brother. We think the jury might well have found from all the evidence that if the defendant is guilty of an unlawful homicide, he is guilty of manslaughter only. We cannot hold, however, as a matter of law or of legal inference, that there was error in the trial, which resulted in a conviction of the defendant of murder in the second degree. Every contention favorable to the defendant was submitted to the jury who rejected these contentions and sustained the contentions of the State. We find no error in the trial and must, therefore, affirm the judgment.

No error.