STATE v. JOHN COFFEY.

(Filed 5 December, 1917.)

1. **Homicide—Murder, First Degree—Evidence—Premeditation.**

   Where there is evidence of previous ill-will of the defendant towards the deceased, upon trial for homicide; that the former approached the latter as he was preparing to play ball, with his hand on his right-hand hip pocket, addressed the deceased, to which the latter replied, "I will do you right; I do not want to have any trouble with you"; that deceased started into the field upon the call to play ball with nothing but a glove in his hand, the prisoner drew a pistol from his right-hand hip pocket, and used both hands while firing the fatal shot: *Held,* no particular time is required for premeditation and deliberation, and the evidence is sufficient to sustain a conviction of murder in the first degree.

2. **Homicide—Intoxication—Evidence—Murder.**

   Evidence in this case of intoxication as a defense to a charge for murder is held inefficient to disturb the verdict for conviction in the first degree.

3. **Appeal and Error—Evidence—Harmless Error.**

   Upon a trial for murder, testimony of a witness that he was permitted to see the deceased after he had been shot, who told him, "Tell everybody I love them," is held irrelevant and harmless.

INDICTMENT for homicide, tried before *Justice, J.,* at August Term, 1917, of CALDWELL.

The defendant was convicted of murder in first degree, and from sentence of death appeals.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*Moses M. Harshaw, W. C. Newland, and J. H. Burke for defendant.*

BROWN, J. The defendant excepts to the refusal of the court to instruct the jury that there is no sufficient evidence of murder in first degree. There is evidence tending to prove that defendant shot and killed Albert Kirby under these circumstances.

The deceased was playing baseball. The defendant came around the left side of the ball field up to the deceased and said something to him, and the deceased replied, "I will do you right; I do not want to have any trouble with you." At that time the umpire called, "Play ball," and as the deceased turned to resume the game, with nothing in his hand but the baseball glove, the defendant deliberately shot him twice—once in the side and almost immediately a second time in the back. The defendant pulled the pistol out of his *right pocket* and used both hands in shooting it.

The defendant then ran, with the sheriff, who happened to be present, pursuing him. After a long chase, the sheriff shot at defendant, who then surrendered. There is evidence that defendant approached deceased with his hand *in the right* side pocket of his coat, and that a half hour before they had been quarreling. There is evidence that at time of the homicide, deceased begged defendant to go off and leave him, stating that he did not desire any trouble. One witness testifies that immediately after the killing and while the body of the deceased was lying on the ground, somebody walked up to the defendant and said, "John, you killed him, and I guess you hate it now." The defendant replied, "I do not know; that is what I aimed to do."

There is also evidence of previous ill-will and quarreling. Moved by the earnest eloquence of defendant's counsel, we commenced the examination of this record, with the hope that some exculpating circumstances would be found, but the simple statement of the evidence discloses abundant proof of a deliberate and willful homicide amply sufficient to support the charge of the judge and the verdict of the jury, and no discussion of it is necessary.

It is true there is evidence that the defendant was drinking, but that does not justify the taking of human life. Besides, there is very strong evidence that he was not drunk. The sheriff says: "John Coffey was not drunk. He outran me, and it takes a speedy man to do that."

No particular time is required for the process of premeditation. When the fixed deliberate purpose to slay is once formed, it is immaterial how soon afterwards such resolve is executed. This subject is so fully discussed in numerous cases that we forbear further discussion. *S. v. Walker*, 173 N. C., 780, and cases cited.

The only other assignment of error is to the evidence of Harris, who was permitted to state that he went to the deceased and spoke to him, and deceased said: "Tell everybody I love them."

We are unable to see, and defendant fails to point out, wherein he was prejudiced by this evidence. In our opinion it was irrelevant and harmless.

No error.