STATE v. PERCY MILLER.

(Filed 25 September, 1929.)

**1. Arrest B a—Officer making arrest may use force apparently necessary for the purpose.**

An officer of the law in making an arrest is required to execute his warrant by overcoming force with such sufficient force as is apparently necessary under the circumstances to comply with his duty at the time, and in so doing he is regarded in law as rightfully the aggressor.

**2. Homicide B a—Evidence of premeditation held sufficient to sustain verdict of first degree murder in this case.**

Where there is evidence that the prisoner had been engaged in manufacturing intoxicating liquors in violation of statute and had threatened to kill any officer who attempted to arrest him, particularly the deceased, and this threat was made known to the deceased, who was killed by the prisoner in a gun battle on the street while the deceased was attempting to arrest the prisoner under a valid warrant: *Held*, the evidence of deliberation and premeditation is sufficient to sustain a verdict of guilty of murder in the first degree.

**3. Same—Voluntary intoxication to carry out premeditated murder does not mitigate the offense of first degree murder.**

Where one with a previously fixed purpose to kill an officer if the officer attempted to arrest him, voluntarily intoxicates himself to carry out his purpose, or deliberately brings on the difficulty when the officer attempts to arrest him under a valid warrant, and kills the officer according to his previously fixed design, the law will not mitigate the offense, but pronounces his crime murder in the first degree.

**4. Homicide A a—Premeditation and deliberation are the distinctive elements of murder in the first degree.**

Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation; while murder in the second degree is the unlawful killing of a human being with malice, the presence in one case of premeditation and deliberation being the distinguishing difference between these two grades of an unlawful homicide.

**5. Same—Presumptions from use of deadly weapon and burden of show-
ing premeditation necessary for first degree murder.**

> The presumptions from the use of a deadly weapon in committing a
> homicide are that the killing was unlawful and that it was done with
> malice, which constitutes murder in the second degree, and in order for
> such homicide to constitute murder in the first degree the State must
> show beyond a reasonable doubt that it was done with premeditation and
> deliberation. C. S., 4200.

APPEAL by defendant from *Moore, Special Judge,* May Term, 1929,
of BERTIE.

Criminal prosecution, tried upon an indictment charging the defend-
ant with a capital felony, murder in the first degree.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for
the State.*

*Phillip A. Escoffery for defendant.*

STACY, C. J. There is evidence on behalf of the State tending to show
that on Sunday afternoon, 10 February, 1929, the prisoner, Percy
Miller, a colored man, shot and killed Patrick White, chief of police of
the town of Windsor, Bertie County, while the latter, in the discharge
of his duties as an officer, was attempting to arrest the prisoner or to
prevent his forcible escape from custody. The defendant, on a number
of occasions, sometimes when drinking and others when sober, and once
while at a still, had threatened to kill any officer who attempted to arrest
him, and several times the deceased was singled out as the object of his
threats: "The first time the s-o-b policeman (Patrick White) arrests me,
I am going to kill him." And again: "If Sheriff White comes up here
(to the still), I would shoot hell out of him." Dewey Smithwick, know-
ing that a warrant was out for the defendant, asked him "if they
wouldn't get him if he went around town now?" His reply was: "I
would like to see anybody try to arrest me. I will kill the first s-o-b
that does." These threats were communicated to the deceased. About
eight or nine minutes before the homicide, the defendant was in the
street, in front of Boone's Cafe, apparently under the influence of an
intoxicant, with a pistol in his hand, flashing it around, saying that he
wanted to kill somebody—some s-o-b. There were no eye-witnesses to
the homicide, but from the number of shots heard, the prisoner and the
chief of police were apparently engaged in a gun battle, in the middle of
the street, when the fatal shot was fired. The deceased was shot in the

heart and died instantly. His pistol was found four steps back of his body. A few minutes before the shooting, the officer was seen holding the defendant by the arm or shoulder, while the prisoner seemed to be in a resisting position.

The prisoner, who testified that he was not drinking on the day in question, tendered a plea of murder in the second degree, but this was not accepted by the State. The appeal, therefore, presents the single question as to whether the evidence tending to show premeditation and deliberation is sufficient to warrant a verdict of murder in the first degree. We think it is. *S. v. McClure*, 166 N. C., 321, 81 S. E., 458; *S. v. Durham*, 141 N. C., 741, 53 S. E., 720; *S. v. Kale*, 124 N. C., 816, 32 S. E., 892.

That the prisoner had premeditated upon the killing, "thought of it beforehand," is amply shown from the threats made against the officer; and where one with a previously fixed purpose to kill, formed while sober, deliberately bringing on a difficulty, or voluntarily intoxicates himself in order to carry out his previously fixed design, and under such circumstances, kills his intended victim, the law will not excuse him or mitigate his offense, but pronounces his crime murder in the first degree. *S. v. Benson*, 183 N. C., 795, 111 S. E., 869; *S. v. Murphy*, 157 N. C., 614, 72 S. E., 1075.

It is in evidence that the officer was within his rights in arresting or attempting to arrest the defendant. *S. v. Robinson*, 188 N. C., 784, 125 S. E., 617. And it is the law of this jurisdiction that forcible resistance to the execution of legal warrants, or lawful arrests, will not be sanctioned. *S. v. Phillips*, 119 Iowa, 652, 67 L. R. A., 292, and note.

Speaking to the subject in *Holloway v. Moser*, 193 N. C., 185, 136 S. E., 375, it was said: "As against those who defy its decrees and threaten violence to its officers, the law commands that its writs be executed, peaceably, if they can; forcibly, if they must. *S. v. Garrett*, 60 N. C., 144. An officer, in making an arrest or preventing an escape, either in case of felony or misdemeanor, may meet force with force, sufficient to overcome it, even to the taking of life, if necessary. *S. v. Dunning*, 177 N. C., 559, 98 S. E., 530. And he is not required, under such circumstances, to afford the accused equal opportunities with him in the struggle. He is rightfully the aggressor, and he may use such force as is necessary to overcome any resistance. He is not bound to put off the arrest until a more favorable time. *S. v. McMahan*, 103 N. C., 379, 9 S. E., 489; *S. v. Glosnell*, 74 Fed., 734. 'His duty is to overcome all resistance, and bring the party to be arrested under physical restraint, and the means he may use must be coextensive with the duty, and so the law is written'—*Black, J.*, in *S. v. Fuller*, 96 Mo., 165. If the offender put the life of the officer in jeopardy, the latter may *se defendendo* slay

him; but he must be careful not to use any greater force than is reasonably and apparently necessary under the circumstances, for necessity, real or apparent, is the ground upon which the law permits the taking of life in such cases. *Head v. Martin,* 85 Ky., 480. It has been said, however, that where officers of the law, engaged in making arrests, are acting in good faith, and force is required to be used, their conduct should not be weighed in golden scales. *S. v. Pugh,* 101 N. C., 737, 7 S. E., 757; *S. v. McNinch,* 90 N. C., 696."

Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation; while murder in the second degree is the unlawful killing of a human being with malice, but without premeditation and deliberation. The presence in the one case of premeditation and deliberation and the absence in the other of one or both of these elements is the distinguishing difference between these two grades of an unlawful homicide. *S. v. Benson, supra.*

When on a trial for homicide, a killing with a deadly weapon is admitted or established by the evidence, the law raises two—and only two—presumptions against the slayer: first, that the killing was unlawful; and, second, that it was done with malice; and an unlawful killing with malice is murder in the second degree. *S. v. Walker,* 193 N. C., 489, 137 S. E., 429; *S. v. Fowler,* 151 N. C., 731, 66 S. E., 567. The additional elements of premeditation and deliberation, necessary to constitute murder in the first degree, are not presumed from a killing with a deadly weapon. They must be established beyond a reasonable doubt, and found by the jury, before a verdict of murder in the first degree can be rendered against the prisoner. *S. v. Thomas,* 118 N. C., 1113, 24 S. E., 431. It is provided by C. S., 4200, that a murder which shall be perpetrated by means of poison, lying in wait, imprisonment, starving, torture, or by any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or other felony, shall be deemed to be murder in the first degree, punishable by death, and all other kinds of murder shall be deemed murder in the second degree, punishable by imprisonment in the State's prison. *S. v. Banks,* 143 N. C., 652, 57 S. E., 174; *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187.

The verdict in the instant case is warranted by the evidence, and no sufficient reason has been shown for disturbing the judgment.

No error.