## STATE v. RAY EVANS.

(Filed 11 December, 1929.)

1. **Homicide B a—In this case held: evidence of premeditation and deliberation sufficient for verdict of murder in first degree.**

    The premeditation and deliberation preceding the killing of another necessary to constitute murder in the first degree does not depend upon the length of time between the formation of intent to kill and the execution of that intent, and where the evidence tends to show that the prisoner was violating the prohibition law, had armed himself with a concealed weapon, and, when apprehended by an officer, tried to hide his liquor and get away, and when notified of the purpose of his arrest, whipped out his pistol with his right hand, which had been under his overalls for quite a while, and shot and killed the officer: *Held,* the evidence of premeditation and deliberation was sufficient to warrant a verdict of murder in the first degree. C. S., 4200.

**2. Same—If fixed design to kill is formed and subsequently executed there is sufficient premeditation and deliberation.**

If the prisoner kills simultaneously with the formation of the intent to kill there is no premeditation, but if he weighs the purpose to kill long enough to form a fixed design which he executes at a subsequent time, however soon or remote, there is sufficient premeditation and deliberation, and in determining the question of premeditation and deliberation it is proper for the jury to consider the conduct of the prisoner before and after, as well as at the time of, the homicide.

**3. Same—Flight is not evidence of premeditation.**

Flight is not evidence of premeditation and deliberation.

APPEAL by defendant from *Clement, J.,* at July Term, 1929, of RICHMOND.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of one W. D. Smith.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*W. R. Jones and J. C. Sedberry for defendant.*

STACY, C. J. There is evidence on behalf of the State tending to show that on the afternoon of 12 June, 1929, the prisoner, Ray Evans, a colored man, shot and killed W. D. Smith, a township constable of Richmond County, while the latter was attempting to arrest the former or to prevent his forcible escape from custody. The officer had a warrant for one Lander Ingram, and, in looking for him, stopped at the home of Lula Belle Mitchell to inquire as to where Ingram lived. While obtaining this information, the deceased saw the defendant run out of the back door of Lula Belle Mitchell's house with some fruit jars of liquor which he dropped in a dewberry patch not far away. The officer and his son picked up the liquor and came back to the front of the house, where the deceased met the prisoner, caught him by his left arm, and said: "You are under arrest." The prisoner inquired, "What for?" The deceased replied: "For liquor." Whereupon the prisoner said: "I am not going," and he jerked loose from the officer, drew a pistol from his overalls with his right hand, which had been in his pocket all the while, and shot the deceased three times, one of which proved fatal. The prisoner later told the sheriff, while in jail, that the reason he shot three times, or more than once, was because the deceased did not turn him loose. The officer never drew his pistol; he had a jar of liquor in one

hand and was holding the prisoner with the other. The prisoner had been to South Carolina earlier in the day and returned with a gallon and a quart of liquor, which he carried to the home of Lula Belle Mitchell. The shooting took place about first dark. The defendant ran away, but was apprehended in Roanoke, Va., and returned to Richmond County jail, ten or twelve days after the homicide.

The prisoner testified that he thought the deceased was reaching for his pistol at the time he shot, but the jury did not accept this version of the matter. It is the contention of the defendant, however, that, in no view of the case, can he be guilty of more than murder in the second degree, and, in support of this position, he relies upon *S. v. Rhyne,* 124 N. C., 847, 33 S. E., 128, and cases there cited. The crucial point, therefore, is whether the evidence tending to show premeditation and deliberation is sufficient to warrant a verdict of murder in the first degree. We think it is. *S. v. Miller,* 197 N. C., 445; *S. v. Steele,* 190 N. C., 506, 130 S. E., 308; *S. v. Merrick,* 172 N. C., 870, 90 S. E., 257; *S. v. Cameron,* 166 N. C., 379, 81 S. E., 748; *S. v. McClure,* 166 N. C., 321, 81 S. E., 458; *S. v. Daniels,* 164 N. C., 464, 79 S. E., 953; *S. v. Exum,* 138 N. C., 599, 50 S. E., 283; *S. v. Thomas,* 118 N. C., 1113, 24 S. E., 431; *S. v. Norwood,* 115 N. C., 789, 20 S. E., 712.

The prisoner was violating the prohibition laws; he had armed himself with a concealed weapon; he tried to hide his liquor and to get away from the officer; he was notified of the purpose of his arrest; he whipped out his pistol with his right hand, which had been under his overalls for quite a while, and shot the deceased three times without cause. The jury found that the homicide was the culmination of a preconceived plan or design, executed deliberately and with malice. The evidence warrants the finding, and this is murder in the first degree. C. S., 4200; *S. v. Benson,* 183 N. C., 795, 111 S. E., 869.

In determining the question of premeditation and deliberation, it is proper for the jury to take into consideration the conduct of the prisoner, before and after, as well as at the time of, the homicide, and all the attendant circumstances. If the killing took place simultaneously with the formation of the intent to kill, there would be no premeditation. Nor would flight be evidence of it. *S. v. Steele, supra,* But if the prisoner weighed the purpose of killing long enough to form a fixed design, and at a subsequent time, no matter how soon or how remote, put it into execution, there would be sufficient premeditation and deliberation to warrant the jury in finding him guilty of murder in the first degree. *S. v. Teachey,* 138 N. C., 587, 50 S. E., 232; *S. v. Dowden,* 118 N. C., 1145, 24 S. E., 722. It is immaterial, in determining the degree of murder, how soon after resolving to kill, the prisoner carried his purpose into execution. *S. v. Covington,* 117 N. C., 834, 23 S. E., 337. Pre-

meditation means "thought of before hand" for some length of time, however short, but no particular time is required for the mental process of premeditation. S. v. Benson, supra. Deliberation means that the act is done in a cool state of the blood, in furtherance of some fixed design. S. v. Walker, 173 N. C., 780, 92 S. E., 327.

The following charge was approved in S. v. Roberson, 150 N. C., 837, 64 S. E., 182: "By premeditation and deliberation is meant that the reason and judgment is exercised, that the fact of the killing is weighed and considered, and that as a result there is in the mind the fixed purpose to kill. The fixed purpose to kill must precede the act of killing, although the length of time between the time it is formed and carried into effect is not material. This premeditation and deliberation, like any other fact, may be shown by circumstances, and in determining there was such the jury may consider evidence of absence of provocation, absence of a quarrel at the time of the killing, and threats, if there is such evidence. Not that you are compelled to find premeditation and deliberation from such evidence, but that if there is such evidence you may consider it in determining whether there was such premeditation and deliberation as I have indicated."

Speaking to the question in S. v. McCormac, 116 N. C., 1033, 21 S. E., 693, Avery, J., delivering the opinion of the Court, said: "While premeditation and deliberation are not to be inferred as a matter of course from the want either of legal provocation or of proof of the use of provoking language, yet all such circumstances may be considered by the jury in determining whether the testimony is inconsistent with any other hypothesis than that the prisoner acted upon a deliberately formed purpose. S. v. Fuller, 114 N. C., 885. Kerr on Homicide, sec. 72, says: 'The question whether there has been deliberation is not ordinarily capable of actual proof, but must be determined by the jury from the circumstances. It has been said that an act is done with deliberation, however long or short a time intervenes after the intent is formed and before it is executed, if the offender has an opportunity to recollect the offense.' The test is involved in the question whether the accused acted under the influence of ungovernable passion, or whether there was evidence of the exercise of reason and judgment. The conduct of the accused just before or immediately after the killing would tend at least to show the state of mind at the moment of inflicting the fatal wound. In passing upon the question whether the facts in a given case are sufficient to show beyond a reasonable doubt that the killing was done with deliberation and premeditation, while sudden passion aroused by provocation that would neither excuse nor mitigate to manslaughter the killing with a deadly weapon, is sufficient, if the homicide is committed under its immediate influence, yet the want of provocation, the preparation of a

weapon, proof that there was no quarreling just before the killing, may be considered by the jury, with other circumstances, in determining whether the act shall be attributed to sudden impulse or premeditated design."

The foregoing statement has been approved in a number of cases, notably, *S. v. Cameron, supra, S. v. Daniels, supra, S. v. Stackhouse,* 152 N. C., 808, 67 S. E., 764, and *S. v. Lipscomb,* 134 N. C., 689, 47 S. E., 44.

The remaining exceptions are not of sufficient merit to warrant a new trial. The verdict and judgment will be upheld.

No error.