STATE v. GEORGE GOSS.

(Filed 30 September, 1931.)

1. **Homicide G a—Evidence of premeditation and deliberation held sufficient to go to jury on question of guilt of murder in first degree.**

   Where in a prosecution for murder there is evidence that the defendant hired a car and drove his wife to the woods where he cut her throat with a razor, that the defendant and his wife were constantly bickering, that the defendant on various, recent occasions had assaulted his wife and threatened her with great bodily harm or death, that he had borrowed the razor and had made careful preparations for the trip, is held sufficient evidence of premeditation and deliberation to carry the case to the jury on the capital felony of murder in the first degree.

2. **Homicide G d—Evidence of bickering between defendant and deceased held competent in prosecution for murder.**

   In a prosecution of a defendant for the murder of his wife evidence tending to show that the defendant and his wife were constantly bickering and quarreling prior to her being killed is held competent on authority of *S. v. Wilkins,* 158 N. C., 603.

APPEAL by defendant from *Cranmer, J.,* at July Term, 1931, of LEE.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of his wife, Sallie Goss.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Gavin, Teague & Byerly and H. M. Jackson for defendant.*

STACY, C. J. The case was submitted to the jury on the State's evidence, as none was offered by the defense. This tends to show that early in the morning of 8 July, 1931, the prisoner, a colored man, hired a "U-Drive-It" Chevrolet car, drove his wife to a patch of woods on the outskirts of Sanford, and there cut her throat with a razor. It was in evidence that the deceased and the prisoner were constantly bickering and quarreling; that the prisoner had, on various, recent occasions, assaulted his wife and threatened her with death or great bodily harm; that he had made careful preparation for the fatal trip; that he confessed the killing, and gave as explanation that he and the deceased were playing and he struck her with a razor. He seems to have borrowed the razor for the special purpose, however; and his excuse for hiring the jitney was that he wanted to go some miles in the country to borrow a pitchfork.

The principal question presented by the appeal is whether there is sufficient, competent evidence of premeditation and deliberation to carry the case to the jury on the capital felony of murder in the first degree. We think there is. *S. v. Evans,* 198 N. C., 82, 150 S. E., 678, and cases there cited.

The competency of the evidence tending to show constant bickering and quarreling between the prisoner and the deceased is supported by what was said in *S. v. Wilkins,* 158 N. C., 603, 73 S. E., 992, *S. v. Langford,* 44 N. C., 436, and *S. v. Rash,* 34 N. C., 382.

A number of exceptions are directed to the charge, and while it consists largely of definitions and contentions, nevertheless a critical examination of it leaves us with the impression that it sufficiently declares and explains the law arising on the evidence to meet the requirements of C. S. 564.

Taking the case by and large, we have discovered no exceptive assignment of error which we apprehend should be held for reversible error. The verdict and judgment will be upheld.

No error.