STATE v. JESSE BROOKS, ALIAS PETE BROOKS.

(Filed 28 February, 1934.)

**1. Homicide G e—**

Where in a prosecution for homicide there is sufficient evidence of defendant's guilt of murder in one of the degrees of the crime defendant's motion as of nonsuit is properly refused.

**2. Homicide B a: G e—Evidence of defendant's guilt of murder in the first degree held sufficient to support instruction on that question.**

Evidence that defendant, while in the custody of officers of the law who had arrested him when they apprehended him in the commission of a robbery, drew his pistol in an attempt to escape, and with premeditation and deliberation shot one of the officers in his attempt to escape, *is held* sufficient to support an instruction to the jury on the question of murder in the first degree.

APPEAL by defendant from *Devin, J.,* at July Term, 1933, of DURHAM. No error.

At the trial of this action, the defendant was convicted of murder in the first degree. C. S., 4200.

From judgment that he suffer death by means of electrocution as prescribed by statute (C. S., 4658), the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*E. C. Brooks, Jr., for defendant.*

CONNOR, J. The Attorney-General has waived consideration by this Court of his motion in behalf of the State that this appeal be dismissed because of manifest defects and irregularities in the record, to the end

that defendant's contention that there was no evidence at the trial of the action tending to show that he is guilty of murder in the first degree, may be considered and determined by this Court. This contention is presented by defendant's assignments of error based on his exception (1) to the refusal of the trial court to allow his motion for judgment as of nonsuit, at the close of all the evidence, and (2) to the instruction of the court to the jury that if the jury should find from the evidence, beyond a reasonable doubt that the defendant, on or about 10 June, 1933, intentionally shot and killed the deceased, Ronald A. Gill, and that his act in so doing was wilful, deliberate and premeditated, under the definition and rules given in the charge, it would be the duty of the jury to return a, verdict of guilty of murder in the first degree.

There was manifestly no error in the refusal of the court to allow the motion for judgment of nonsuit. It is conceded that there was evidence tending to show that defendant is guilty of murder in the second degree. For this reason, the evidence was properly submitted to the jury under instructions as to the verdict, which are free from error, unless, as contended by the defendant, there was no evidence sufficient to support a verdict of guilty of murder in the first degree.

There was evidence tending to show that the defendant was discovered by the deceased and other police officers of the city of Durham in a store in said city, at about 1:00 o'clock a.m., on 10 June, 1933; that defendant had broken and entered said store for the purpose of stealing therefrom merchandise and money; and that when discovered by the officers he was engaged in the perpetration of a felony. The defendant was arrested by the officers, and after his arrest, and while in the lawful custody of said officers, he attempted to escape, and for that purpose drew a pistol from his pocket and fired at least twice at the officers. The deceased, Ronald A. Gill, one of the officers, was shot by the defendant, and died as the result of his wounds. There was evidence not only of deliberation but also of premeditation, on the part of the defendant, before he shot and killed the deceased. There was no error in the instruction of the court to which the defendant excepted. *S. v. Evans,* 198 N. C., 82, 150 S. E., 678; *S. v. Miller,* 197 N. C., 445, 149 S. E., 590; *S. v. Rodman,* 188 N. C., 720, 125 S. E., 486. The learned judge who presided at the trial was careful to submit to the jury every contention in behalf of the defendant which was or could have been made in his behalf. His charge was clear and full, and correctly applied the law to the facts as the jury might find them from the evidence. The judgment is affirmed.

No error.