### STATE v. WILLIE LEE GALLMAN.

(Filed 15 June, 1936.)

**Homicide H b—Evidence of defendant's guilt of murder in the first degree held sufficient to be submitted to the jury.**

> Evidence for the State tending to show that after a fight between defendant and another, and after both had left the scene, defendant returned some thirty minutes later, overtook his antagonist as he was hauling wood in the pursuit of his business, and shot him three times, inflicting mortal wounds, *is held* sufficient to be submitted to the jury on the charge of murder in the first degree, and defendant's contention, based solely on his own evidence, and with entire disregard to the State's evidence, that there was no evidence of premeditation and deliberation, is untenable.

APPEAL by defendant from *Clement, J.,* at January Term, 1936, of FORSYTH.

Criminal prosecution, tried upon indictment charging the defendant with the murder of one John Gaston.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

The prisoner appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State, appellee.*

*John D. Slawter for defendant, appellant.*

STACY, C. J.  The evidence on behalf of the State tends to show that on 31 December, 1935, John Gaston and another were shooting pool for money at a pool room in the city of Winston-Salem.  The defendant was present, acting as stakeholder.  Upon winning the game, as he contended, Gaston demanded the stakes, which the defendant declined to give him.  An argument ensued and resulted in a fight between the defendant and Gaston, his son and brother, who were also present.  The defendant broke away and ran.  In about thirty minutes he returned with a 22-rifle.  Gaston and his son, in the meantime, had gone about their business hauling wood.  The defendant overtook them at Lucy Gunter's home.  As Gaston started off with his truck, the defendant shot him three times, inflicting wounds from which he died several days thereafter.

The defendant contended that the deceased was alighting from the truck in a threatening manner, and that he shot in self-defense.  The jury accepted the State's version of the killing and rejected the defendant's plea.

The defendant's first contention that no evidence of premeditation and deliberation appears on the record is without substantial merit, as it is based solely upon his own evidence, and disregards entirely the evidence offered by the State.  The motions to nonsuit on the capital charge, made under the Mason Act, C. S., 4643, were properly overruled.  *S. v. Buffkin,* 209 N. C., 117; *S. v. Evans,* 198 N. C., 82, 150 S. E., 678; *S. v. Miller,* 197 N. C., 445, 149 S. E., 590; *S. v. Lipscomb,* 134 N. C., 689, 47 S. E., 44.

The remaining exceptions are equally untenable.  They have all been examined, with the care which a capital case imposes, and found wanting in merit.  It would be only a matter of repetition to consider them *seriatim* in an opinion.

The defendant has been tried in strict conformity to the established rules and sentenced as the law commands.

The verdict and judgment will be upheld.

No error.