STATE v. TOY DAY.

(Filed 3 May, 1939.)

**1. Homicide § 29—**

Upon conviction of defendant of murder in the first degree, the jury's voluntary recommendation for mercy is properly treated as surplusage, and sentence of death must be rendered as the law commands.

**2. Criminal Law § 80—**

Where defendant convicted of a capital crime fails to prosecute his appeal, the motion of the Attorney-General to docket and dismiss, made after expiration of time of serving case on appeal, must be allowed when an inspection of the record proper fails to disclose error. Rule of Practice in the Supreme Court, No. 17.

STATE *v.* DAY.

MOTION by State to docket and dismiss appeal.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

STACY, C. J.   At the first regular January Term, 1939, Mecklenburg Superior Court, the defendant herein, Toy Day, was tried upon indictment charging him with the murder of one E. H. McQuay, which resulted in a conviction of murder in the first degree (with recommendation of mercy) and sentence of death as the law commands.   From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court and was allowed 30 days from 14 January, 1939, to make up and serve his statement of case on appeal, and the solicitor was given 15 days thereafter to prepare and file exceptions or countercase. The clerk certifies that "according to the records of my office no case on appeal was agreed upon and therefore was not perfected within the time allowed by the court nor within the 14 days before the call of the Fourteenth Judicial District."   Accompanying the clerk's certificate is a letter addressed to him by counsel for defendant in which they say: "Since the trial of the case we have secured recommendations from eleven of the jurors, from the trial judge and from the solicitor of this district that the Governor of the State commute the sentence of death imposed upon the said defendant to life imprisonment.   In view of these recommendations, which have been forwarded to Hon. Edwin Gill, Commissioner of Paroles, we have not prosecuted the appeal of the case to the Supreme Court, as we felt that the ends of justice would be properly met if commutation of this defendant's sentence was effected."

The time for serving statement of case has expired.   *S. v. Watson,* 208 N. C., 70, 179 S. E., 455.   No bond was required as the defendant was allowed to appeal *in forma pauperis.   S. v. Stafford,* 203 N. C., 601, 166 S. E., 734.

The jury's voluntary recommendation of mercy was properly treated as surplusage.   *S. v. Stewart,* 189 N. C., 340, 127 S. E., 260, and cases there cited.   See *S. v. Matthews,* 191 N. C., 378, 131 S. E., 743.

As the record is free from apparent error, the motion of the Attorney-General to docket and dismiss the appeal under Rule 17 will be allowed. *S. v. Stovall,* 214 N. C., 695.

Judgment affirmed; appeal dismissed.