## STATE v. RICHARD MAYES.

(Filed 29 November, 1939.)

**Criminal Law § 80—**

When defendant fails to make out and serve his statement of case on appeal within the time allowed, no agreement for extension of time having been made, the motion of the Attorney-General to docket and dismiss will be allowed, Rule of Practice in the Supreme Court, No. 17, but when defendant stands convicted of a capital crime this will be done only when no error is apparent on the face of the record.

MOTION by State to docket and dismiss appeal.

*Attorney-General McMullan for the State.*

STACY, C. J. At the August Special Criminal Term, 1939, Mecklenburg Superior Court, the defendant herein, Richard Mayes, was tried upon indictment charging him with burglarizing the home of F. A. Fowler on the night of 25 July, 1939, which resulted in a conviction of burglary in the first degree and sentence of death as the law commands upon such verdict. *S. v. Morris,* 215 N. C., 552, 2 S. E. (2d), 554. From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court and was allowed 40 days from 18 August,

1939, to make up and serve his statement of case on appeal, and the solicitor was given 20 days thereafter to prepare and file exceptions or countercase. The clerk certifies "that the appeal was not perfected within the time provided by law and no agreement made by counsel for an extension of time to file case on appeal." *S. v. Stovall,* 214 N. C., 695, 200 S. E., 426.

The time for serving statement of case on appeal has expired. *S. v. Watson,* 208 N. C., 70, 179 S. E., 455. Appeal bond of $100 was adjudged to be sufficient, but none seems to have been given.

As no error is apparent on the face of the record, the motion of the Attorney-General to docket and dismiss the appeal under Rule 17 will be allowed. *S. v. Day,* 215 N. C., 566, 2 S. E. (2d), 569.

Judgment affirmed. Appeal dismissed.