STATE v. HOMER McMANUS.

(Filed 17 April, 1940.)

1. **Homicide §§ 10, 27a—Instruction on question of intoxication as affecting premeditation and deliberation held for error.**

   The court charged the jury to the effect that if defendant formed a fixed design to kill and then got drunk and executed such intent while in a drunken condition, defendant would be guilty of murder in the first degree. The court refused to give defendant's request for instructions, supported by defendant's testimony, that if defendant did not form any previous design to kill, and killed deceased while in such a drunken condition that he was incapable of premeditation and deliberation, defendant would not be guilty of murder in the first degree. *Held:* While the instruction of the court was correct as far as it went, it was error for the court, even in the absence of a request, to fail to charge the jury upon the material aspect of the case arising upon the evidence.

2. **Homicide § 30—**

   Error in the instructions on the question of premeditation and deliberation cannot be held harmless on the ground that the homicide was committed in the perpetration of a robbery, rendering the question of premeditation and deliberation immaterial, when, even conceding there was evidence of robbery, there is no evidence that the homicide was committed in the perpetration or attempt to perpetrate the robbery.

APPEAL by defendant from *Phillips, J.,* at January Term, 1940, of CABARRUS.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Hartsell & Hartsell for defendant, appellant.*

SCHENCK, J. The defendant was convicted of murder in the first degree of Jennings Mullis, and is an appellant from a sentence of death.

Exception No. 5 is that "the court failed to charge the jury that a

person who commits a murder when so drunk as to be incapable of forming a deliberate and premeditated design to kill would not be guilty of murder in the first degree but murder in the second degree or a lesser degree of homicide." We think, and so hold, that such exception is well taken.

The defendant's testimony was to the effect that he and the deceased, who were at the time of the alleged homicide roommates and bedfellows, bought a half gallon of whiskey on the afternoon of Friday, 7 August, 1937, and that they went to their room about 10 or 10:30 o'clock that night, after having drunk some of the whiskey, that they drank more whiskey after reaching their room, and that he remembers nothing more that happened that night. His testimony is further to the effect that when he waked up early on the morning of Saturday, 8 August, 1937, he found the deceased beside him on the bed, dead, with his head bloody; that he removed the body to another place in the room and left later in the day Saturday because he feared he would be suspected of the homicide; that he did not remember or have any knowledge whatsoever of how the deceased came to his death, that he did not know whether he shot or killed the deceased, and that he did not plan or intend to kill the deceased.

The court charged the jury in substance that if the defendant formed the intent to kill the deceased and then took intoxicants to steel or fortify himself in the commission of the homicide, and became intoxicated to whatever extent and killed the deceased he would be guilty of murder in the first degree, which charge was a correct statement of the law. *S. v. Miller,* 197 N. C., 445, and cases there cited. But the defendant complains that the court failed to charge the jury as to what the legal result would have been if the jury should have found that the defendant, without previously having formed the intent to kill, became intoxicated to the extent of not knowing what he was doing, and in that state of intoxication killed the deceased. Under such findings by the jury the verdict could not have been guilty of murder in the first degree, and could, at most, have been guilty of murder in the second degree, and under the defendant's testimony he was entitled, without special prayer therefor, to an instruction to that effect, since it was a substantial and essential feature of the case arising on the evidence. *S. v. Merrick,* 171 N. C., 788; *S. v. Thomas,* 184 N. C., 757, and cases there cited.

We have scrutinized the charge closely and we find nowhere therein presented the legal result of the finding of the facts relating to intoxication being as testified by the defendant. The court's charge upon the legal result of intoxication, in so far as it went, was in accord with the authorities, but the exception that it omitted to present a substantial and

essential feature of the case arising on the evidence was well founded. C. S., 564.

While in the brief of the State it is stated that "it could be argued from the record" that the defendant killed the deceased in the perpetration of a robbery, and that the defendant was therefore guilty of murder in the first degree, we think, even conceding that there be evidence of robbery, it is questionable if there is any evidence that the homicide was committed in the perpetration or attempted perpetration thereof. The State produced no eye-witness to the homicide, and nothing in the alleged confession of the defendant related to robbery.

For the error assigned there must be a

New trial.