STATE v. GAITHER WATSON.

(Filed 17 March, 1943.)

**1. Homicide § 4c—**

In a trial for murder, a charge that the elements of premeditation and deliberation are usually not provable by direct evidence and for that reason are susceptible of proof by circumstantial evidence, enumerating, merely as examples of such circumstantial evidence, ill will, previous difficulty between the parties, declarations of intent to kill, or a brutal or felonious manner of killing, is proper.

**2. Homicide § 4a—**

A charge, in a prosecution for murder, that intent is an act or emotion of the mind, seldom, if ever, capable of direct or positive proof, but is arrived at by such just and reasonable deductions from the acts and facts proven, as the guarded judgment of a reasonably prudent and cautious man would ordinarily draw therefrom, is not objectionable as being contrary to the rule that the State must prove intent beyond a reasonable doubt.

**3. Homicide § 7a—**

Where the court had charged that a killing under the influence of passion or in heat of blood, produced by reasonable provocation, constitutes manslaughter, and then added that this principle would seem to suggest, as the general rule, that reason should be, at the time, obscured by passion to such an extent as to render an ordinary man liable to act rashly and without reflection, and from passion rather than from judgment, there is no error.

**4. Homicide § 27c—**

A charge that one is guilty of murder in the first degree, if he kills deceased "of his willful, deliberate and premeditated malice aforethought" is not harmful error, for these words constitute no real deviation from the stereotyped language usually used in defining first degree murder as the killing of a human being "with malice and with premeditation and deliberation."

**5. Homicide § 27f—**

There being no evidence whatever, in a prosecution for murder, that defendant retreated or attempted to retreat or withdraw from the combat, an exception cannot be sustained to a charge by the court that self-defense is the right which the law gives to a person, when he is in a place where he has a right to be and who is himself without fault.

**6. Same—**

An objection to a charge on the question of self-defense, where the court used the words "it would seem that the law should permit" the right of self-defense, rather than more positive words, is without merit, when the charge taken contextually leaves no basis for equivocation as to the legal right of self-defense.

STATE *v.* WATSON.

7. Same—

> On a prosecution for murder, where the court had previously charged the jury correctly on the question of self-defense, there was no error in the court's suggestion to the jury that they ask themselves on this question: "Did he (defendant) act with ordinary firmness and prudence, under the circumstances as they reasonably appeared to him, and under the belief that it was necessary to kill in order to save his own life, or to protect his person from serious bodily harm?"

APPEAL by defendant from *Burgwyn, Special Judge,* at August Term, 1942, of BERTIE.

The defendant was tried and convicted of murder in the first degree upon a bill of indictment drawn in conformity with C. S., 4614.

The evidence of the State tended to show that the defendant fired at least one shot from a pistol in the hall of the house in which his wife, the deceased, was living, and then forced open the door of the living room in which his wife was standing near the stove, and fired another shot from the pistol which struck his wife in the breast, inflicting a mortal wound.

The evidence of the defendant tended to show that he did not fire his pistol before opening the door to the living room where his wife was, and that when the door was opened his wife immediately fired at him with a rifle, and he shot only one time in necessary self-defense.

The jury returned a verdict of guilty of murder in the first degree, and from sentence of death predicated upon the verdict, the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*S. Russell Lane and J. H. Spruill for defendant, appellant.*

SCHENCK, J. The assignments of error appearing in the record and set out in the appellant's brief all relate to the charge of the court.

The first exception discussed in the appellant's brief assails an excerpt from the charge addressed to the elements of premeditation and deliberation necessary to constitute the crime of murder in the first degree, which reads: "Ordinarily these elements (premeditation and deliberation) are not susceptible of direct proof, but are inferred from various circumstances such as ill will, previous difficulty between the parties, declaration of intent to kill either before or after striking the fatal blow, or where the evidence shows the killing was done in a brutal and felonious manner."

This was but another way of charging the jury that premeditation and deliberation are not usually susceptible of direct proof, and are,

22—222

therefore, susceptible of ·proof by circumstances from which the facts sought to be proven may be inferred. That these essential elements of murder in the first degree may be proven by circumstantial evidence has been repeatedly held by this Court. *S. v. McCormac*, 116 N. C., 1033, 21 S. E., 693; *S. v. Roberson*, 150 N. C., 837, 64 S. E., 182; *S. v. Cain*, · 178 N. C., 724, 100 S. E., 884; *S. v. Buffkin*, 209 N. C., 117, 183 S. E., 543.

The defendant in his brief contends that his Honor's charge was tantamount to telling the jury that they must infer premeditation and deliberation upon the finding by them of any one of the facts enumerated, namely, ill will, previous difficulty, declaration of intent to kill, or killing done in a brutal and felonious manner. With this contention we do not concur. His Honor simply charged that the elements of premeditation and deliberation were usually not provable by direct evidence, and for that reason were susceptible of proof by circumstantial evidence, and gave the facts enumerated merely as examples of circumstantial evidence by which the essential elements of the crime might be proven. The excerpt from the charge to which the exception is addressed does nothing more than instruct the jury that the finding of any of the facts enumerated might be considered by the jury as circumstantial evidence of the existence of premeditation and deliberation.

The excerpt assailed is in accord with the utterances of this Court. In *S. v. Roberson, supra*, this Court affirmed a charge of the Superior Court in the following language: "This premeditation and deliberation, like any other fact, may be shown by circumstances, and in determining there was such the jury may consider evidence of absence of provocation, absence of a quarrel at the time of the killing, and threats, if there is such evidence. Not that you are compelled to find premeditation and deliberation from such evidence, but that if there is such evidence you may consider it in determining whether there was such premeditation and deliberation as I have indicated." The Court, continuing, said: "Almost every word in this charge has been repeatedly upheld by this Court. It follows all the decisions from *S. v. Fuller*, 114 N. C., 885, to *S. v. Banks*, 143 N. C., 652. The charge is substantially the charge which was approved by this Court in *S. v. Teachey*, 138 N. C., 598." In *S. v. Cain, supra*, we find: "Premeditation and deliberation, like any other fact, may be shown by circumstances and in determining as to whether there was such premeditation and deliberation the jury may consider the entire absence of provocation, and *all* the circumstances under which the homicide is committed. *S. v. Roberson*, 150 N. C., 837; Kerr on Homicide, sec. 72. If the circumstances show a formed design to take the life of the deceased, the crime is murder in the first degree. This subject is so fully discussed in the many cases in our reports that

it is useless to pursue the matter further." Again in *S. v. Evans*, 198 N. C., 82, 150 S. E., 678, there appears: "In determining the question of premeditation and deliberation, it is proper for the jury to take into consideration the conduct of the prisoner, before and after, as well as at the time of, the homicide, and *all* the attendant circumstances." And *Devin, J.*, in *S. v. Buffkin, supra*, uses this language: "In determining the question of premeditation and deliberation, it is proper for the jury to take into consideration the conduct of the defendant, before and after, and *all* attendant circumstances, and it is immaterial how soon after resolving to kill the defendant carried his purpose into execution. *S. v. Evans*, 198 N. C., 82; *S. v. Miller*, 197 N. C., 445. In *S. v. Evans, supra*, Chief Justice Stacy quotes with approval from Kerr on Homicide, sec. 72: . . . 'the want of provocation, the preparation of a weapon, proof that there was no quarreling just before the killing may be considered by the jury, with other circumstances, in determining whether the act shall be attributed to sudden impulse or premeditated design.' "

This exception cannot be sustained.

The second exception discussed in the appellant's brief assails an excerpt from the charge which reads: "Intent is an act or emotion of the mind, seldom, if ever, capable of direct or positive proof, but is arrived at by such just and reasonable deductions from the acts and facts proven, as the guarded judgment of a reasonably prudent and cautious man would ordinarily draw therefrom." We do not concur in the contention made by appellant that this portion of the charge was tantamount to an instruction that the burden of proof resting upon the State of a criminal intent was of a less grade than beyond a reasonable doubt. The excerpt assailed by the exception is nothing more than an instruction that a criminal intent may be, in truth ordinarily is, proven by circumstantial evidence, that is, by proving the fact of such an intent by proving other facts from which the intent might be inferred, *S. v. Smith*, 211 N. C., 93, 189 S. E., 175, accompanied by words suggesting the use of caution in finding the essential elements of a capital offense from purely circumstantial evidence. If this charge was in any way at variance with the rule, such variance was favorable to the appellant and, therefore, harmless. In other portions of the charge the court instructed the jury very definitely that the burden of showing beyond a reasonable doubt a criminal intent rested upon the State. This assignment cannot be held for error.

The third exception discussed in the appellant's brief is to an excerpt from the charge, which reads: "The principle involved would seem to suggest as the general rule that reason should at the time of the act be disturbed or obscured by passion to the extent which might render an

ordinary man of fair average disposition liable to act rashly or without due deliberation or reflection, and from passion rather than from judgment." The appellant's sole comment in his brief upon this exception is "The court should state what the law is rather than what it would seem to be."

In the preceding sentence the court had charged the jury that a killing under the influence of passion or in the heat of blood produced by adequate or reasonable provocation constituted manslaughter, and the excerpt assailed was simply a statement of the rationale of the rule. The language used could not have been construed so as to make the rule governing the mitigation of the offense to a lesser grade a doubtful one.

This exception cannot be sustained.

The fourth exception discussed in the appellant's brief is to an excerpt from the charge, which reads: "Self-defense, gentlemen, is the right which the law gives to a person when he is in a place where he has a right to be and who is himself without fault." The appellant in his brief complains of this statement because, as he contends, it fails to take into consideration the provision of the law that a person, although in a place where he had no right to be and is not without fault, has a right to retreat and withdraw from the combat, and, having done so, he then has the right of self-defense restored to him. Under certain circumstances the law as thus asserted by the appellant may be conceded to be correct, but the exception cannot be sustained for the reason that there is no evidence in the record that the defendant ever retreated or attempted to retreat or withdraw or attempted to withdraw from the combat.

The fifth exception discussed in the appellant's brief is to an excerpt from the charge, which reads: "It would seem that the law should permit the latter (the defendant) to act in obedience to the natural impulses of self preservation, and to defend himself against what he supposed to be threatened attack." Here the appellant's complaint is again addressed to the use of the words "it would seem" rather than "it does" or "it is." When the whole of the charge is examined it is apparent that the court clearly presented the right of self-defense as it is vouchsafed by the law to the defendant. The words complained of were used simply in advancing as a reason for the existence of the right the "first law of nature," self preservation. The charge when read contextually leaves no basis for equivocation as to the existence of the legal right of self-defense. This exception cannot be sustained.

The sixth exception discussed in the appellant's brief is to an excerpt from the charge where the court was suggesting to the jury certain questions that they ask themselves in deciding whether the defendant was guilty of first degree murder. The court suggested the question:

"Did he· (defendant) kill the deceased of his willful, deliberate and premeditated malice aforethought?" and charged the jury that if they answered that question in the affirmative, together with certain other questions, they should return a verdict of guilty of murder in the first degree. The quoted question contained the only reference to premeditation and deliberation in this immediate connection. The appellant complains because his Honor used the adjectives "deliberate" and "premeditated" modifying the noun "malice," instead of the nouns "premeditation" and "deliberation." ·It is difficult to discern any substantial difference between the expression "of his willful, deliberate and premeditated malice" and "with malice and with premeditation and deliberation," since the premeditation and deliberation essential to constitute murder in the first degree must of necessity be malicious. There certainly could have been no harmful result from the slight deviation from the stereotyped language usually used in defining murder in the first degree as being the killing of a human being with malice and with premeditation and deliberation. Especially is this true in the light of other portions of the charge where the court did charge the jury along the beaten path, for instance: "First, murder in the first degree, which is the unlawful killing of a human being with malice and with premeditation and deliberation. Second, murder in the second degree, which is the unlawful killing of a human being with malice, but without premeditation and deliberation, and third, manslaughter, which is the unlawful killing of a human being without malice and without premeditation and deliberation." And again, "The presence in the one case of premeditation and deliberation and the absence in the other of one or both these. elements is the distinguishing difference between murder in the first degree and murder in the second degree."

This assignment cannot be held for error.

The seventh exception discussed in the appellant's brief is to an excerpt from the charge when the court was suggesting to the jury certain questions that they ask themselves in deciding whether the defendant had made good his plea of self-defense, and charged the jury that an affirmative answer to such questions would make it their duty to acquit the defendant. The defendant contends that this portion of the charge made the right of self-defense depend upon whether the defendant was at a place where he had a right to be, and being without fault in bringing about the difficulty, whereas, although the defendant may not have been at a place where he had a right to be, and may not have been free from fault in bringing about the difficulty, still if he retreated and withdrew from the combat, his right of self-defense would have been restored. This contention is untenable for the reason, as heretofore expressed,

there was no evidence that the defendant retreated or attempted to retreat, or withdrew or attempted to withdraw from the combat.

The defendant further contends that the question suggested by the court was erroneous, for the reason that it failed to convey to the jury that they were the judges of the reasonableness of the grounds of such apprehension, and that they must determine the question from the facts as they appeared to the defendant at the time he fired the fatal shot. The question assailed was: "Did he act with ordinary firmness and prudence under the circumstances as they reasonably appeared to him, and under the belief that it was necessary to kill in order to save his own life, or to protect his person from serious bodily harm?"

It is the contention of the defendant that this question could have been construed to make the right of self-defense dependent upon facts and circumstances as they appeared at the time of the trial rather than upon their appearance to the defendant at the time of the killing. We do not concur with the contention that the language of the question supports such an interpretation. The phrase "circumstances as they reasonably appeared to him" would seem obviously to refer to appearances to the defendant at the time he committed the alleged criminal act. Considering the question in connection with previous instructions, no other construction is possible.

The court had previously charged, with reference to the necessity for resorting to self-defense, that "This, however, is to be determined by the jury from the facts and circumstances as they find them to be from the evidence, and as they reasonably appeared to the prisoner at the time of the fatal encounter," and also that "The reasonableness of his apprehension must always be for the jury and not for the defendant to pass upon, but the facts and circumstances as they appeared to the prisoner at the time he committed the alleged criminal assault."

This exception cannot be held for reversible error.

A careful examination of the entire charge and of the record leaves us with the impression that the defendant has had a fair and impartial trial, and, notwithstanding the gravity of the result to the defendant, we are impelled to hold that no error appears.

No error.