STATE v. A. C. WISE.

(Filed 17 December, 1945.)

**1. Criminal Law § 33—**

Exception to the admission of testimony of the officers, as to confessions made by prisoner in a prosecution for murder, cannot be sustained, where the record does not disclose that defendant requested further inquiry or findings by the court, or offered evidence to controvert the statement of the officers, who testified that, upon arresting defendant, they warned him of his rights and advised him that any statement he made would be used against him. There is nothing to rebut the presumption that the confessions were voluntarily made.

**2. Homicide § 4c—**

The definition of a killing, with deliberation and premeditation, does not mean brooding over it or reflecting upon it for a week, a day, or an hour, or any other appreciable length of time, but it means an intention to kill, executed by the defendant in a cool state of the blood, in furtherance of a fixed design to gratify a feeling of revenge, or to accomplish some unlawful purpose, and not under the influence of a violent passion, suddenly aroused by some lawful or just cause or legal provocation.

**3. Homicide §§ 27c, 27e—**

The court's instructions to the jury on manslaughter in a trial and conviction for murder, there being no evidence which would tend to mitigate or reduce the grade of the offense to manslaughter, may not be held for error entitling defendant to a new trial.

**4. Criminal Law §§ 54b, 54c—**

The jury having returned a verdict of guilty of murder in the first degree "with mercy," there being no request by the jury for permission to make this recommendation or intimation by the judge that such a recommendation would be considered, the court properly treated the recommendation of mercy as surplusage and imposed the sentence fixed by statute.

APPEAL by defendant from *Olive, Special Judge,* at September Term, 1945, of GUILFORD. No error.

The defendant was indicted for the murder of his paramour. The evidence offered by the State, based largely on admissions made by the defendant to the officers, tended to show that adulterous relations between defendant and deceased, the wife of Quinnie Williams, had been engaged

in for some months; that on 11 August, 1945, as they had done on previous occasions, these two went to a place in the woods, a pine thicket several miles west of Greensboro; that they were driven in an automobile by one Warren to a point on a side road where they got out and walked to this thicket; that following some argument the disagreement was made up and sexual relations were had; that thereafter defendant announced that their relations must cease as they would be found out and trouble ensue; that deceased opposed the suggestion and in the discussion that followed she struck him with her hand one time in the chest, to which he responded by striking her with his fist knocking her down; and then as she lay on the ground he took her chin in his left hand, drew his pocket-knife and cut her throat; that as she did not die immediately, and still showed signs of life, he went into the woods near-by, secured a stick or club and beat her over the head and neck; that he took her pocketbook, watch and glasses and returned to the car and told Warren he had killed her. The evidence disclosed that the body had been dragged a short distance from where she was killed, and several days elapsed before it was discovered. Decomposition had set in. *Post-mortem* examination revealed that death was due to a broken vertebra in the neck. The deceased's watch and glasses were found in defendant's home, as well as the knife with which defendant admitted to the officers he had cut her. A stick or club was found near where the body had lain, and this the defendant told the officers was the one which he had used.

The defendant offered no evidence.

There was verdict of guilty of murder in the first degree, with recommendation of mercy, and from judgment imposing sentence of death defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*F. L. Paschal for defendant.*

DEVIN, J. The defendant assigns error in the ruling of the court below admitting in evidence over objection the testimony of the officers as to confessions made to them by the defendant. The record does not disclose that the defendant requested further inquiry or findings by the court, or offered any testimony to controvert the statements of the officers. He presents the question only by his exception to the evidence. The officers having testified that upon arresting the defendant they warned him of his rights and advised him he did not have to make a statement unless he wished, and that his statements would be used against him, there was nothing to rebut the presumption that the confessions were voluntarily given. The admissions of the defendant were supported by

the finding of the watch and glasses of deceased in defendant's home, and the weapon with which she was beaten to death at the place where he admitted it was used.

Exception to the introduction of evidence of defendant's confession cannot be sustained. *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657; *S. v. Grass,* 223 N. C., 31, 25 S. E. (2d), 193. With the testimony of these admissions properly in evidence, the defendant's exception to the denial of his motion for judgment of nonsuit becomes untenable.

The defendant assigns error in the charge of the court to the jury in that the court's definition of "deliberation" was incomplete. The language of the court excepted to was this: "Deliberation, gentlemen of the jury, means to think about, to revolve over in one's mind; while premeditation means to think beforehand, to form a prior determination to do the act." Then followed definition of murder in the second degree, malice and manslaughter, to which no exception was noted. Later the court gave this instruction: "Now, gentlemen of the jury, the court instructs you as a matter of law that the law does not lay down any rule as to the time that must elapse between the moment when a person premeditates or reaches a determination in his own mind to kill, and the moment when he does the killing, as a test. It is not a question of time. If the determination is formed deliberately and upon due reflection it makes no difference how soon afterwards the fatal resolve is carried into execution. So, where one forms a purpose to take the life of another and weighs this purpose in his mind long enough to form a fixed design or determination to kill at a subsequent time, no matter how soon or how late, and pursuant thereto kills, this would be a killing with premeditation and deliberation and would be murder in the first degree."

The court further charged the jury if they found from the evidence beyond a reasonable doubt that defendant killed the deceased with either knife or stick, weapons which they found beyond a reasonable doubt were capable of producing death in the hands of defendant under the circumstances, and that the defendant intended at the time to kill her, and if they so found beyond a reasonable doubt that such intent to kill had been formed and determined in his mind, that he had thought it over and revolved it over in his mind and decided to kill her, then that was premeditation and deliberation, and if he killed her with premeditation and deliberation and with malice, and they so found beyond a reasonable doubt each and every one of these elements it would be their duty to return verdict of guilty of murder in the first degree. No exception was noted to this instruction. These instructions as to the elements necessary to constitute murder in the first degree under the statute seem to be in substantial accord with the decisions of this Court. *S. v. Roberson,* 150 N. C., 837, 64 S. E., 182; *S. v. McClure,* 166 N. C., 321, 81 S. E., 458;

*S. v. Benson,* 183 N. C., 795, 111 S. E., 869; *S. v. Miller,* 197 N. C., 445, 149 S. E., 590; *S. v. Evans,* 198 N. C., 82, 150 S. E., 678; *S. v. Buffkin,* 209 N. C., 117, 183 S. E., 543. In defining and illustrating the meaning of deliberation the present Chief Justice in *S. v. Benson, supra,* used this language: "It does not mean brooding over it or reflecting upon it for a week, a day, or an hour, or any other appreciable length of time, but it means an intention to kill, executed by the defendant in a cool state of the blood, in furtherance of a fixed design to gratify a feeling of revenge, or to accomplish some unlawful purpose, and not under the influence of a violent passion, suddenly aroused by some lawful or just cause or legal provocation. *S. v. Coffey,* 174 N. C., 814. When we say the killing must be accompanied by premeditation and deliberation, it is meant that there must be a fixed purpose to kill, which precedes the act of killing, for some time, however short, although the manner and length of time in which the purpose is formed is not very material. *S. v. Walker,* 173 N. C., 780." The court, without using this exact language, instructed the jury in substance if they found beyond a reasonable doubt the defendant killed the deceased with a deadly weapon, and that it was done in the heat of passion, without revolving it over in his mind or thinking it over, or forming a fixed design to kill, they could not convict him of murder in the first degree. The court here, as in the *Benson case, supra,* was contrasting a killing done with deliberation with one done in hot blood, in heat of passion.

To the court's instructions as to second degree murder no exception was noted.

The defendant assigned error in the court's instructions to the jury on manslaughter, but as we do not think there was evidence which would tend to mitigate or reduce the grade of the offense to manslaughter, the instructions criticised may not be held for error entitling the defendant to a new trial. *S. v. Wallace,* 203 N. C., 284, 165 S. E., 716; *S. v. Cureton,* 215 N. C., 778, 3 S. E. (2d), 343; *S. v. Grainger,* 223 N. C., 716, 28 S. E. (2d), 228.

After careful examination of the entire record we conclude that the exceptions brought forward in defendant's assignments of error, and debated orally and in his brief, cannot be sustained, and that defendant has no just cause of complaint as to the fairness of his trial.

We note that the jury returned verdict of guilty of murder in first degree, "with mercy." As there was no request by the jury for permission to make this recommendation or intimation by the judge that such a recommendation would be considered, *S. v. Matthews,* 191 N. C., 378, 131 S. E., 743; *S. v. Day,* 215 N. C., 566, 2 S. E. (2d), 569; *S. v. Howard,* 222 N. C., 291, 22 S. E. (2d), 917, the court properly treated

the jury's recommendation of mercy as surplusage, *S. v. Stewart*, 189 N. C., 340, 127 S. E., 260, and imposed the sentence fixed by the statute.

In the trial we find

No error.